CLARK, Circuit Judge:
 

 Appellant Robert Brake brings this appeal from the district court’s
 
 sua sponte
 
 dismissal of his appeal from a bankruptcy court decision. Appellant had filed a claim against the debtor’s estate for the value of legal services rendered in the bankruptcy proceedings. When that claim was denied by the bankruptcy court, appellant timely filed an appeal in the district court. The district court dismissed the appeal nine and a half months later for failure to file briefs within 15 days after entry of the appeal on the court docket. Appellant contends that the dismissal should be vacated as an abuse of discretion.
 

 Appellant filed a notice of appeal on April 25, 1984, along with the required statement of issues, designation of record, a motion to accelerate docketing of the appeal, and a motion for sequestration of funds or supersedeas bond. Under Bankruptcy Rule 8009(a)(1), briefs must be filed within 15 days after entry of appeal on the district court docket. Docketing occurs only after the bankruptcy court delivers the record on appeal to the district court.
 
 See
 
 Bankruptcy Rule 8007(b). Consequently, timely filing of briefs hinges on docketing and transmittal of the record.
 

 Docketing actually occurred oh August 13, 1984, but appellant never filed a brief. Indeed, appellant claims he never received notice of the entry of appeal, and despite
 
 *667
 
 inquiries in November and December about the status of the appeal, he had no knowledge of docketing until February 1, 1985, when he received a copy of an order dismissing the appeal for failure to timely file briefs.
 

 Appellant argues that dismissal was an abuse of discretion because it was neither mandatory,
 
 see
 
 Bankruptcy Rule 8001(a), nor appropriate in these circumstances. His failure to file should be. excused, he asserts, because he never received notice that the appeal had been docketed and therefore could not know of the deadline for filing. Furthermore, he claims that the clerk’s office of the bankruptcy court advised him at the outset that docketing would be substantially delayed. Thus he considers his delay of seven months before inquiring about the status of the appeal entirely reasonable, particularly in view of his prior experience with docketing of appeals from the bankruptcy court.
 

 Construction of Bankruptcy Rule 8009(a)(1), requiring timely filing of briefs, is a matter of first impression in this circuit. Appellant suggests that we adopt the position of the Sixth Circuit, which has held that dismissal is proper only when bad faith, negligence or indifference has been shown.
 
 See In re Winner Corp.,
 
 632 F.2d 658 (6th Cir.1980). We consider this a better approach than one of routine dismissal for failure to timely file briefs. First, it is consistent with this circuit’s construction of the analogous Federal Appellate Rule,
 
 see
 
 Fed.R.App.P. 31(c), from which the Bankruptcy Rule has been adapted.
 
 See
 
 Bankruptcy Rule 8009 (Advisory Committee Note). Failure to timely file briefs in non-bankruptcy litigation is merely “a non-jurisdictional defect in the prosecution of [an] appeal,” and such defect does not require dismissal in every case.
 
 Marcaida v. Rascoe,
 
 569 F.2d 828 (5th Cir.1978) (quoting
 
 Phillips v. Employers Mut. Liability Ins. Co.,
 
 239 F.2d 79, 80 n. 2 (5th Cir.1956)). Second, such a standard better serves the policy underlying the rule. Time limits for filing of briefs are designed to encourage swift prosecution of appeals.
 
 See West v. Falconer,
 
 17 B.R. 929 (Bkrtcy.S.D.Ill.1982). Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal.
 
 See e.g., In re Cesar Quevedo,
 
 35 B.R. 117 (Bkrtcy.D.P.R.1983) (appellant failed timely to file designation of record, statement of issues or briefs; deemed “a show of monumental indifference”);
 
 In re Soter,
 
 31 B.R. 986 (D.Vt.1983) (same as preceding case; also ignored scheduling order and failed to oppose motion to dismiss);
 
 West v. Falconer,
 
 17 B.R. 929 (Bkrtcy.S.D.Ill.1982) (same as preceding case, despite two extensions of time granted by the court
 
 sua sponte).
 
 Here appellant took all steps necessary for prosecution of the appeal except that of filing the brief; that element depended on delayed processing of the record. Dismissal in these circumstances would ignore the purpose of the rule unless appellant’s failure to inquire for seven months or his failure to receive notice in themselves demonstrated a failure to prosecute.
 

 Appellee for her part urges that we adopt a stringent rule of dismissal for failure to timely file briefs. She relies upon cases summarily dismissing for failure to timely file notice of appeal.
 
 See, e.g., Oregon v. Champion Int’l Corp.,
 
 680 F.2d 1300 (9th Cir.1982);
 
 Fase v. Seafarers Welfare & Pension Plan,
 
 574 F.2d 72 (2d Cir. 1978). Unlike the filing of briefs, filing notice of appeal is a pre-requisite to jurisdiction and must be strictly construed.
 
 See Fase, supra
 
 at 75-76. Strict enforcement is crucial to the policy underlying prompt notice of appeal, for without notice both the parties and the court would presume that litigation has ceased.
 
 See id.
 
 at 75. Filing briefs, however, is not a jurisdictional pre-requisite, nor does it prejudice the parties and the court to a similar degree.
 
 See, Marcaida, supra.
 
 Thus, the more flexible standard requiring bad faith, negligence or indifference is appropriate with regard to filing briefs. We vacate the dismissal below and remand this case to the district court for a determination of whether appellant’s claims regarding length of delay in processing and lack of notice are
 
 *668
 
 supportable and therefore excuse his failure to file.
 

 The judgment below is VACATED and REMANDED.