**In re PISCES LEASING CORP., Debtor.**

**No. 86 C 3941.**

United States District Court, E.D. New York.

March 10, 1987.

---

Labozzetta & Hass (Robert L. Howard, New York City, of counsel), for Barco Auto Leasing.

Fensterheim & Fensterheim (Asher Fensterheim, White Plains, N.Y., of counsel), for J.L.B. Equities, Inc.

Harvis & Zeichner (Abraham J. Backenroth, New York City, of counsel), for Gary Ginsberg, as Chapter 11 Trustee.

Bernard Feldman, Melville, N.Y., for Louis Paduano, Michelle Paduano, Sam Paduano, 2601 Hempstead Corp. and Pam Energy Corp.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Appellant Barco Auto Leasing Corp. ("Barco"), by letter dated January 9, 1987, asks the court to excuse it from the requirement under Bankruptcy Rule 8009 of filing a brief in support of its appeal from a judgment entered by the bankruptcy court on October 23, 1986. The judgment approved a settlement, to which Barco objected, among the Chapter 11 Trustee for Pisces Leasing Corp., J.L.B. Equities, Inc. and the so-called "Paduano group." Barco timely filed an appeal of the judgment in this court.

Barco pleads economic inability as the reason for its request to be excused from filing a brief, citing expenditures so far in this case of over $125,000 and the lack to date of any distributions from the bankrupt estate.

The court is not willing to excuse appellant from Rule 8009's brief-filing requirement. The record below has yet to be filed with this court, but as appellant notes in its letter of January 9, "[t]here have been many facets of this case that are quite unusual including ... [a] number of criminal investigations." It is entirely appropriate that the court require the written guidance of counsel in its review of the judgment approving the settlement.

Appellant is directed to serve and file its brief within fifteen days after entry of this order if it wishes to maintain its appeal. The brief should conform to the specifications of Bankruptcy Rule 8010. Appellant should also arrange to have the record below properly filed. *See* Bankruptcy Rule 8006. Since no party to date has claimed prejudice from appellant's lack of timeliness in either filing a brief or requesting an exemption from filing a brief, the court will not dismiss the appeal on this basis if appellant now files a brief in accordance with this memorandum and order. *See, e.g., In re Beverly Mfg. Corp.*, 778 F.2d 666 (11th Cir.1985).

So ordered.