**YMR FASHIONS CORPORATION,**
Appellant,

v.

**Thomas C. McGREGOR, Creditor Trustee, Appellee.**

Civ. A. No. 94–A–1229–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 24, 1994.

---

Robert B. Rubin, Burr & Forman, Birmingham, AL, for debtor Amret, Inc.

Scott A. Silver, Silver & Garvett, P.A., Coconut Grove, FL, for appellant YMR Fashions Corp.

Robert B. Rubin, Timothy M. Lupinacci, Burr & Forman, Charles L. Denaburg, Najjar & Denaburg, P.C., Birmingham, AL, for appellee Thomas C. McGregor, Creditor Trustee.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

This case is before the court on Appellee's Motion to Dismiss for Failure to Prosecute the Appeal. Upon consideration of the motion, Appellant's responses thereto, the record, and for the reasons set out herein, the court finds that the motion is due to be granted.

## INTRODUCTION

On July 1, 1994, the United States Bankruptcy Court for the Middle District of Alabama entered an order approving the settlement agreement between the Appellee (hereinafter "Creditor Trustee") and the Joint Defense Group (as defined in the settlement agreement and of which Appellant was a member), and enforcing its terms.

Appellant (hereinafter "YMR") did not receive notice of the entry of judgment by the bankruptcy court until July 11, 1994. On July 20, 1994, YMR filed its notice of appeal from the order of the bankruptcy court and on August 1, 1994, filed a motion for extension of time for filing its notice of appeal. On August 9, 1994, the bankruptcy court granted YMR's motion to extend time for filing its notice of appeal, thereby making the notice filed on July 20 timely.

On August 1, 1994, YMR also filed a motion for stay pending appeal. On August 9, 1994, the bankruptcy court entered an order staying the order approving settlement pending appeal, contingent on the filing of a bond, to be approved by the court, in the amount of $675,000, such bond to be filed by YMR by August 19, 1994.

August 19, 1994, which was the day required for filing a bond to obtain a stay and also the deadline for the Appellant to file with the clerk and serve on the Appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented (Bankruptcy Rule 8006), passed with nothing being filed by the Appellant.

On September 23, 1994, the clerk of the bankruptcy court filed with this court a notice that the Appellant had failed to take any steps to perfect its appeal other than the timely filing of a notice of appeal, and on the same day transmitted the record to this court. Entry of appeal was made on the district court docket as of September 23, 1994.

Also on September 23, 1994, Creditor Trustee filed the motion now before the court, asking that the appeal be dismissed because of Appellant's failure to file a designation of items to be included in the record on appeal and a statement of issues to be presented, as required by Rule 8006.

On September 28, 1994, this court issued an order to the Appellant to show cause on or before October 13, 1994, why the motion should not be granted.

On October 13, 1994, YMR filed a response to the motion. YMR argued that no prejudice had been caused by the failure to designate portions of the record, since the entire record had been forwarded to the court by the bankruptcy court. As to its failure to timely file a statement of issues, YMR stated that it was filing a statement of issues "in conjunction with the filing of this Response." YMR finally filed its Statement of the Issues to be Presented on October 18, 1994, and on the same day filed a Motion for Extension of Time to File Initial Brief. The request for additional time to file a brief was filed eight days after the brief was due under Bankruptcy Rule 8009(a)(1).

## DISCUSSION

■ The subject of YMR's appeal is its attempt to avoid a settlement agreement which had been signed by its president and filed with the bankruptcy court. The appeal has been marked with consistent failure by the appellant's attorney to comply with deadlines. In fact, not a single deadline has been met.

The notice of appeal was late. The bankruptcy court granted an extension, so as to then make the filing timely.

A designation of items to be included in the record on appeal was never filed.

The statement of issues to be presented was not filed in the bankruptcy court. It was filed in this court nearly 2½ months after its due date and then in response to an order to show cause why the appeal should not be dismissed because of the failure to file.

The Appellant's brief was not filed on time, and neither was the request for extension of time to file a brief.

Except for noting the failure to receive notice of the original order of the bankruptcy court in a timely fashion, YMR has failed to show any legitimate reasons for not complying with and, barring unusual circumstances, they should be enforced consistently, so that all litigants have a level playing field.

The only excuse which is offered for Appellant's failure to meet all deadlines is a heavy work schedule of its attorney. This is not an acceptable reason. If a lawyer's being busy were an acceptable reason for not complying with deadlines of the court, this would mean that no one had to comply except litigants whose lawyers were not busy. That is not a policy which this court cares to establish.

■ This court applies to this case the standard adopted by the Eleventh Circuit in *In re Beverly Manufacturing Corp.*, 778 F.2d 666, 667 (11th Cir.1985), for bankruptcy cases involving failure to timely file briefs. That standard means that dismissal may be ordered in this case if bad faith, negligence or indifference has been shown. The court noted that:

> Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal.

*Id.* at 667. *See In re Sun Coast Airlines, Inc.*, 121 B.R. 403 (S.D.Fla., 1990); *In re*

*Columbian Coffee Co., Inc.,* 71 B.R. 258 (Bankr.S.D.Fla., 1987).

The Eleventh Circuit has rejected a lawyer's busy schedule as excusable neglect, and has required excusable neglect to be based upon a finding that any inadvertence was due to something beyond the control of the person sought to be excused. *In re South Atlantic Financial Corp.,* 767 F.2d 814, 817, 818 (11th Cir.1985). Nothing in this case is suggested by YMR as being beyond its reasonable control, other than the delayed notice of the original order, and late filing of the appeal was excused by the bankruptcy court.

The facts in this case clearly show negligence or indifference, or both. It is this court's belief that, if the multiple failures to comply with deadlines shown in this case were countenanced, the deadlines would be rendered meaningless. YMR has exhibited either a lack of knowledge of the requirements for appealing a decision from a bankruptcy court, or a cavalier attitude regarding them. Another possibility, of course, is that YMR took the appeal in bad faith and is doing no more than it is being required to do in an effort to cause delay. The court will not make a factual finding that that is the case.

## CONCLUSION

Because of the consistent failure of YMR to comply with procedural rules, including the failure to file in a timely manner supplemental documents referred to by Appellee in its motion and the brief of Appellant as noted by the court, Creditor Trustee's Motion to Dismiss for Failure to Prosecute is due to be granted.