Beatrice L. BELCHER, Appellant,

v.

COLUMBIA UNIVERSITY,
et al., Appellee.

Civ.A. No. 1:01–CV–1222–CAP.
Bankruptcy No. 99–72764.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 7, 2001.

Beatrice L. Belcher, Atlanta, GA, pro se.

Paul J. Morochnik, Thompson, O'Brien, Kemp & Nasuti, Norcross, GA, Ronnie Charles Bingham, II, Office of Ronnie C. Bingham, II, Norcross, GA, Thomas W. Joyce, Jones, Cork & Miller, Macon, GA, Shayna Michele Steinfeld, Office of Shayna M. Steinfeld, Atlanta, GA, for appellees.

## ORDER

PANNELL, District Judge.

This appeal from an order of the bankruptcy court is now before the court on the appellee's motion to dismiss the appeal [Doc. No. 3–1]. On January 23, 2001, the Bankruptcy Court for the Northern District of Georgia entered an order denying the appellant's request for a hardship discharge of certain student loan debts. Appellant then filed a notice of appeal from that order on February 5, 2001, that was dismissed by the Bankruptcy Court as untimely on March 5, 2001. On March 15, 2001, the appellant file a notice of appeal addressing the March 5, 2001, order. Appellant also filed a statement of issues to be presented on appeal, the designation of items to be included in the record on appeal, and copies of the designated items.

■ Appellant's appeal was docketed on May 30, 2001, and her brief in support of the appeal was due on June 14, 2001. The appellant never filed a brief but responded to the appellee's motion to dismiss by opposing said motion and requesting an extension of time to file her brief. Ms. Belcher contends that she never received notice that her appeal had been docketed and, therefore, she did not know her brief was due. She also argues that her failure to file her brief should be excused because of her pro se status, familial responsibilities, and her busy life. The appellee, however, cites the appellant's history of missing deadlines and ignoring the rules of court as proof that the appellant's conduct in this case has been dilatory and, therefore, the appellant's appeal should be dismissed.

■ The Eleventh Circuit has adopted a flexible standard with regard to the failure to file briefs. *See In re Beverly Manufacturing Corp.,* 778 F.2d 666 (11th Cir.1985). The Eleventh Circuit reasoned that because the filing of briefs on appeal is not a jurisdictional pre-requisite and does not prejudice the parties to the same degree as a failure to file a timely appeal, the more appropriate standard is to require bad faith, negligence, or indifference. *See id.* at 667. "Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *Id.*

While the appellant has taken steps beyond the mere filing of her appeal, she has shown a consistent inability to follow the rules of court or respect deadlines. Even if she did not receive notice of the docketing of her appeal, she knew that she had filed the appeal, and yet there is no evidence that she ever inquired about its docketing or made an attempt to follow up on her appeal. Even after receiving notice of its docketing via the appellee's instant motion, she still has made no attempt to file a brief.

Further, none of the additional reasons cited by the appellant is recognized as "excusable." The Eleventh Circuit has rejected a lawyer's busy schedule as excusable neglect, and has required excusable neglect to be based upon a finding that any inadvertence was due to something beyond the control of the person sought to be excused. *See In re South Atlantic Financial Corp.,* 767 F.2d 814 (11th Cir.1985). None of the appellant's reasons other than failure to receive notice of the docketing of the appeal were beyond her control. Further, the court notes that the appellant is not the typical pro se party but, rather, she is an attorney licensed to practice in New York.

For the foregoing reasons, the court hereby GRANTS the appellee's motion to dismiss the appeal [Doc. No. 3–1].