In re: BUSCEMI'S INTERNATIONAL, INC., Debtor,

Ken Mitan, Plaintiff–Appellant,

v.

Buscemi's International, Inc., Defendant–Appellee.

No. 02–1118.

United States Court of Appeals, Sixth Circuit.

May 12, 2003.

Before: KRUPANSKY, SILER, and GILMAN, Circuit Judges.

*ORDER*

Ken Mitan appeals from an order of the district court sitting as an appellate court in bankruptcy. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 20, 1999, a Chapter 11 involuntary bankruptcy petition was filed against Buscemi's International, Inc. ("Buscemi's"). The case was eventually converted to a Chapter 7 liquidation on August 29, 2000. A trustee was appointed to serve as Chapter 7 trustee of Buscemi's.

On September 22, 2000, the trustee for the estate conducted a sale of assets of the estate. At the sale, the trustee accepted the highest bid, which was from Original Buscemi's of Michigan. Mitan did not submit a bid at the sale.

Subsequent to the sale, Mitan claimed that he could tender a higher legitimate offer for the assets. The bankruptcy judge provided Mitan with an opportunity to prove that he had the financial ability to buy the assets at a higher amount at a hearing on October 10, 2000. When Mitan was unable to prove his ability to buy the

assets at that point, the bankruptcy judge gave Mitan until 1:00 p.m. the next day, October 11, 2000. Again, after considering Mitan's offer, the bankruptcy judge concluded that Mitan did not make a valid higher offer, and therefore, authorized the sale of the assets to Original Buscemi's of Michigan.

On October 13, 2000, Mitan filed with the bankruptcy court a motion for reconsideration and a motion for stay. On October 16, 2000, the bankruptcy court denied the motion for reconsideration. On October 23, 2000, the bankruptcy court denied the motion for stay.

Mitan filed a timely appeal in the district court. Mitan also filed with the district court an emergency motion requesting a stay of the sale order. On October 24, 2000, an order was entered by the district court granting an expedited hearing on Mitan's motion to stay the sale order. The hearing was scheduled for October 25, 2000.

Upon conclusion of the hearing, the district court denied Mitan's motions after specifically finding that the bankruptcy court did not abuse its discretion in entering the sale order. Reconsideration was denied on November 7, 2000.

Following entry of the November 7, 2000 order, Mitan took no further steps to prosecute the appeal. Mitan allowed his appeal to languish for over a year. Finally, on December 20, 2001, a conference call was conducted by the district court with the parties' counsel. During the conference, the district court addressed the status of the appeal. The district court indicated its intent to enter a written order closing the appeal for lack of prosecution. No objections were made by Mitan's counsel of record orally or in writing. Accordingly, on December 20, 2001, the district court entered an order closing the appeal because Mitan failed to file an appellate brief and for lack of prosecution. This timely appeal followed.

Federal Rule of Bankruptcy Procedure 8001(a) grants the district court authority to dismiss appeals for non-prosecution. *Cf. Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988) (in the absence of notice that dismissal is contemplated under Fed.R.Civ.P. 41(b), the district court should impose penalty short of dismissal unless derelict party has engaged in "bad faith or contumacious conduct"). The late filing of a required document does not justify the dismissal of the appeal absent a showing of bad faith, negligence, or indifference. *Third Nat'l Bank v. Winner Corp. (In re Winner Corp.),* 632 F.2d 658, 660–61 (6th Cir.1980) (late filing of designation of record). *See also Brake v. Tavormina (In re Beverly Mfg. Corp.),* 778 F.2d 666, 667 (11th Cir.1985) (under Bankruptcy Rule 8009(a)(1), requiring timely filing of briefs after entry of appeal on district court docket, is merely a non-jurisdictional defect that does not require dismissal unless bad faith, negligence or indifference is shown; following *In re Winner Corp.*).

A district court's dismissal for non-compliance with non-jurisdictional bankruptcy rules is reviewed for an abuse of discretion. *Fitzsimmons v. Nolden (In re Fitzsimmons),* 920 F.2d 1468, 1471 (9th Cir. 1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *Id.* at 615.

Upon review, we conclude that the district court did not abuse its discretion when it dismissed Mitan's appeal for non-

prosecution. The timely filing of briefs is governed by Bankruptcy Rule 8009, which establishes, in the absence of an overriding time limitation, a fifteen day period for the filing of a brief after the appeal has been entered. The rule provides:

8009(a) *Briefs.* Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file his brief within fifteen days after entry of the appeal on the docket pursuant to Rule 8007.

Federal Rule of Bankruptcy Procedure 8009(a). Rule 8007(b) establishes the procedure for docketing of an appeal in the district court:

When the record is complete for purposes of appeal, the clerk of the bankruptcy court shall transmit it forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel.... On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

Federal Rule of Bankruptcy Procedure 8007(b). The district court docketing date for this appeal is October 23, 2000. Notice of the appeal was mailed to all counsel of record pursuant to Bankruptcy Rule 8007(b) on October 24, 2000, but Mitan never filed a brief. Indeed, more than a year lapsed until the district court contacted Mitan's counsel on December 20, 2001, to discuss the status of the appeal. At that time, the district court indicated that it considered the appeal closed based upon its prior rulings. Mitan's counsel made no request for further briefing or oral argument. This led to the order closing the appeal for lack of prosecution as the record reflected that Mitan had abandoned his interest in timely pursuing his appeal. Mitan's complete failure to file a brief shows at least negligence, if not complete indifference, on his part. Therefore, the district court did not abuse its discretion by dismissing the appeal for lack of prosecution.

Accordingly, the district court's order is affirmed.