[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 25, 2011
JOHN LEY
CLERK

_____

No. 11-11217
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cv-00012-HLA
BKCY No. 07-00218 BKC-3F7

In Re: MICHAEL ANTHONY BREWER,

                                                          Debtor.

_____

GARY C. LINDROS, SR.,

                                                          Plaintiff - Appellee,

                              versus

MICHAEL ANTHONY BREWER,

                                                          Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 25, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Debtor Michael Anthony Brewer failed to file his initial brief in the district court and now appeals the district court's dismissal of his pro se appeal from the bankruptcy court's order (which denied his motion for an extension of time to file a notice of appeal). He also appeals the bankruptcy court's order denying his motion for extension of time to file a notice of appeal. After review, we affirm.

## I. BACKGROUND

### A. Proceedings in Bankruptcy Court

This appeal arises from an adversary proceeding in bankruptcy court between the debtor, Appellant Michael Anthony Brewer ("Brewer"), and Appellee Gary C. Lindros ("Lindros"). Brewer pro se filed a Chapter 7 bankruptcy petition. In bankruptcy court, Lindros filed an adversary proceeding against Brewer, objecting to the discharge of Brewer's debt. Brewer continued to represent himself.

On July 23, 2010, following a trial, the bankruptcy court issued findings of fact and conclusions of law and entered a judgment against Brewer on two of the counts in Lindros's complaint: failure to maintain adequate records in conducting business, (Count 2), and knowingly making false statements under oath by filing false schedules and statements with the bankruptcy court (Count 3). The

bankruptcy court denied Brewer's discharge.

In its order denying Brewer's discharge, the bankruptcy court noted Brewer had not complied with the scheduling order and in fact did not file his witness or exhibit lists until after the trial began. The court granted Lindros's motion to strike Brewer's witness and exhibit lists as untimely, which prohibited Brewer from offering documentary or testimonial evidence other than his own testimony and evidence admitted at a previous hearing.[1] In explaining its sanction, the bankruptcy court noted:

> Defendant is not a novice at litigation in this Court or in the state court. Defendant has elected to represent himself in whole or in part in five separate adversary proceedings associated with this bankruptcy case. As such, Defendant is tasked with being familiar with and complying with the orders of the Court. The fact that he is a pro se litigant does not excuse his failure to do so.

Notice of the bankruptcy court's judgment was sent to Brewer on July 28, 2010. On August 13, 2010, Brewer, pro se, filed a "Motion for Extension of Time for Notice of Appeal," which he later amended, stating he had received the judgment on July 31 and his attorney had been out of town and unable to file the

---

[1]The bankruptcy court stated:
> Defendant [Brewer] did not request an extension of the time set forth in the Scheduling Order[,] nor did he comply by filing his witness list and exhibit lists. On August 26, 20[09], the day before the scheduled trial of this matter, Defendant filed a Motion to Continue, which the Court denied. On August 31, 2009, four days after the first day of trial in this matter, Defendant filed a Witness and Exhibit List.

notice of appeal on time.

On August 25, the bankruptcy court denied the motion, noting that Brewer's notice of appeal was due within fourteen days of the entry of judgment under Bankruptcy Rule 8002(a). The bankruptcy court concluded that, under Rule 8002(c), Brewer had failed to show excusable neglect for the delay to warrant a time extension for filing the notice of appeal. The bankruptcy court noted that Brewer had represented himself pro se "in numerous matters before this Court," and could have filed a notice of appeal without the assistance of counsel, just as he filed his motion for extension of time.

On September 7, 2010, in bankruptcy court Brewer filed a "Motion for Reconsideration / Rehearing for Extension of Time to File an Appeal," which the bankruptcy court denied on October 7, 2010. On October 18, 2010, Brewer filed a notice of appeal from the bankruptcy court's October 7 order.

## B. Proceedings in District Court

On January 11, 2011, the district court clerk filed a "Notice of Filing Bankruptcy Appeal in the District Court," notifying the parties that, on January 10, 2011, the record on appeal from the bankruptcy court was filed. The notice advised the parties that they must comply with Federal Rule of Bankruptcy

Procedure 8009 and Local Rule 1.05 for the Middle District of Florida.[2]

On January 26, 2011, Appellee Lindros filed a motion in district court to dismiss Brewer's appeal, arguing that under Federal Rule of Bankruptcy Procedure 8009, Brewer was required to serve and file a brief within 14 days after entry of the appeal on the district court docket.

On February 1, 2011, Brewer, pro se, filed a "Motion for Extension of Time to File Brief," contending that he received the district court clerk's notice on January 14, 2011 and mailed his motion 14 days later, making his motion timely under "the fifteen day deadline per Rule 8009." Brewer also requested more time "because he has never filed an appeal and needs more time to understand the process and format required." Brewer stated that he needed assistance from an attorney to comply with the proper requirements and could not locate Local Rule 1.05 after searching diligently. Brewer also filed a motion to strike Lindros's motion to dismiss, arguing that Brewer's motion for extension of time was timely, and citing a typographical error in the style of Lindros's motion. Brewer did not

---

[2]Federal Rule of Bankruptcy Procedure 8009 provides, in part, "Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits . . . [t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009(a)(1).

Local Rule 1.05 for the Middle District of Florida provides formatting and signature requirements for all filings in that court. The district court clerk's notice did not provide the text of the rules but only alerted the parties to the rules.

file a substantive answer to Lindros's motion.

Lindros responded, noting that Brewer had a history in the bankruptcy court of missing deadlines, claiming ignorance, and seeking extensions. Lindros contended, "Appellant will do nothing and file nothing unless and until he is forced by a court do so."

Brewer never filed an initial appellate brief in district court.

On February 10, 2011, the district court issued a two-paragraph order denying Brewer's motion for extension of time, granting Lindros's motion to dismiss, and affirming the bankruptcy court's decision. The district court stated in full:

> This Cause is before the Court on Appellant's Motion for Extension of Time (Dkt. 6) and Appellee's Motion to Dismiss (Dkt. 5). Appellant seeks leave of court to file an untimely appeal brief based on the fact that he is proceeding pro se.
>
> While the Court would ordinarily grant this type of request, in the instant case Appellant fails to cite good cause for missing the deadline. Further, the underlying bankruptcy order being appealed is a denial of appellant's motion to reconsider a motion for extension of time to file his appeal. Given the fact that Appellant has a history of missing deadlines, and fails to articulate a legitimate reason for missing the deadline for filing his brief in this case, it is ORDERED:
>
> 1. Appellant's Motion for Extension of Time (Dkt. 6) is DENIED;
> 2. Appellee's Motion to Dismiss (Dkt. 5) is GRANTED; the bankruptcy court's decision is AFFIRMED. The clerk is directed

to close the file.

Brewer now appeals (1) the district court's February 10, 2011 dismissal of his appeal and (2) the bankruptcy court's October 7, 2010 order denying his "Motion for Reconsideration / Rehearing for Extension of Time to File an Appeal."

## II. DISCUSSION[3]

Federal Rule of Bankruptcy Procedure 8009(a)(1) provides, "Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits . . . [t]he appellant shall serve and file a brief <u>within 14 days after entry of the appeal on the docket</u> pursuant to Rule 8007."[4] (Emphasis added). Rule 9006 governs how time periods are calculated.[5] Rule 9006 also states:

---

[3]We review for abuse of discretion a district court's decision to dismiss a bankruptcy appeal for failure to diligently prosecute the appeal. <u>Pyramid Mobile Homes, Inc. v. Speake</u>, 531 F.2d 743, 744-46 (5th Cir. 1976); <u>see</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions issued on or before September 31, 1981). We review a bankruptcy court's rulings on motions for extension of time for abuse of discretion. <u>Coady v. D.A.N. Joint Venture III, L.P., (In re Coady)</u>, 588 F.3d 1312, 1316 (11th Cir. 2009).

[4]Federal Rule of Bankruptcy Procedure 8007 provides, <u>inter alia</u>, the procedure for the transmittal of the record and docketing of an appeal from bankruptcy court.

[5]Federal Rule of Bankruptcy Procedure 9006(a)(1) states:
  When the period is stated in days or a longer unit of time:
    (A) exclude the day of the event that triggers the period;
    (B) count every day, including intermediate Saturdays, Sundays, and legal

7

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

This Court interpreted Bankruptcy Rule 8009 in Brake v. Tavormina (In re Beverly Manufacturing Corp.), 778 F.2d 666 (11th Cir. 1985). In that case, a district court sua sponte dismissed the appellant's appeal from a bankruptcy court decision for failure to file briefs within the then-15-day deadline after the entry of the appeal on the court docket. Id. at 666. We held that the sua sponte dismissal of an appeal from a bankruptcy decision is proper only where "bad faith, negligence or indifference" has been shown, a "flexible standard." Id. at 667. We noted that "[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." Id. at 667. We remanded the case for a determination of whether the appellant's reasons for the delay were supported and sufficient to excuse the late filing. Id. at 667-68.

---

holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
Fed. R. Bankr. P. 9006(a)(1).

Here, Brewer was clearly delinquent in filing his initial appellate brief under Rules 8009 and 9006. Brewer's appeal of the bankruptcy court's October 7 order was entered on the district court docket on January 10, 2011. Under Rule 9006, Brewer's opening appellate brief was due fourteen days later, on January 24, 2011. He did not file a brief or a motion for more time within this time frame. Rather, on February 1, 2011, Brewer, pro se, filed only his "Motion for Extension of Time to File Brief." And thereafter he never filed an appellate brief.

Brewer's stated reasons for missing this deadline are (1) that he needs the assistance of an attorney and (2) does not fully understand the appeals process.[6] However, we note that Brewer had prior experience with filing deadlines in bankruptcy court, also proceeded pro se throughout this bankruptcy case, and was familiar with the consequences of late filings. As the district court stated in its order dismissing the case, Brewer exhibited a history of failing to meet filing deadlines. Brewer ignored the scheduling order in the bankruptcy court trial,

---

[6]Brewer also claims his motion for an extension of time was timely because he received notice of the docketing of the appeal on January 14 and mailed his motion for an extension of time 14 days later. This is not how the deadline is calculated. See Fed. R. Bankr. P. 8009(a)(1) (requiring an appellant to file a brief within 14 days of entry of the appeal on the docket, rather than receipt of the notice thereof); Fed. R. Bankr. P. 8008(a) ("Papers required or permitted to be filed with the clerk of the district court . . . may be filed by mail addressed to the clerk, but filing is not timely unless the papers are received by the clerk within the time fixed for filing, except that briefs are deemed filed on the day of mailing."). Because Brewer filed a motion and not a brief, his motion was deemed filed when received by the clerk.

9

leading the district court to exclude his witness and exhibit lists when they were filed late. In fact, Brewer's appeal here (as to the district court's dismissal for lack of his brief) is itself an appeal from the bankruptcy court's denial of his requests for an extension of time to file a notice of appeal after the deadline had passed.

These overall particular circumstances of Brewer's case demonstrate sufficient "indifference" and "consistently dilatory conduct" such that we cannot say the district court committed reversible error in dismissing Brewer's appeal. See Beverly Mfg. Corp., 778 F.2d at 667. "[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted).

Nor did Brewer demonstrate "excusable neglect" under Rule 9006. "Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389, 113 S. Ct. 1489, 1495 (1993)).

Brewer's pattern of late filings in the bankruptcy court and his failure to file an appellate brief in district court, even at this late date, has greatly delayed the judicial proceedings. Brewer's filing was within his reasonable control and was

not inadvertent. By his own admission, he received notice of the docketing of the appeal on January 14, 2010. Given his extensive experience with bankruptcy procedures and the record of his prior delayed filings, we cannot say that the district court abused its discretion in denying Brewer's request for late filing of his appellate brief.

For the reasons stated above, we conclude that Brewer's appeal was properly dismissed by the district court.[7]

AFFIRMED.

---

[7]Although Brewer also appeals the bankruptcy court's denial of his "Motion for Reconsideration / Rehearing for Extension of Time to File an Appeal," the district court never addressed the merits of this order before dismissing the case. Because we conclude that the district court's dismissal of Brewer's appeal was proper, we do not reach the merits of the bankruptcy court's denial of Brewer's motion for reconsideration.