[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16032
Non-Argument Calendar
_____

D.C. Docket Nos. 5:12-cv-00239-WTH; 3:09-bk-03253-PMG


WALTER JESSE LAWRENCE, JR.,

Plaintiff-Appellant,

versus


EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 2, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Walter Lawrence, Jr., proceeding pro se, appeals from the district court's dismissal of his bankruptcy appeal for failure to file an initial brief or otherwise prosecute his appeal. After review, we affirm.

## I.  BACKGROUND

### A.    Bankruptcy Proceedings

Lawrence filed for Chapter 7 bankruptcy on April 27, 2009. In his bankruptcy petition, Lawrence stated that he had $38,330.17 in student loan obligations owed to Sallie Mae Servicing Corporation ("Sallie Mae"). On December 21, 2010, Lawrence filed an adversary complaint against Sallie Mae in bankruptcy court. In his complaint, Lawrence sought a determination that his student loan obligations were dischargeable and an order that his debt be discharged.

Educational Credit Management Corporation ("ECMC") answered Lawrence's complaint, explaining that it was the successor in interest to Lawrence's consolidated student loan with Sallie Mae. ECMC also responded to the merits of Lawrence's complaint. ECMC later moved to officially substitute itself in place of Sallie Mae as the defendant in light of the transfer of the student loan at issue. The bankruptcy court granted this motion in April 2011.

In March 2011, however, ECMC served a set of interrogatories on Lawrence. Two months later, ECMC requested that the bankruptcy court set a

deadline for Lawrence to respond to ECMC's outstanding interrogatories and discovery requests. After a hearing, the bankruptcy court granted ECMC's motion on May 24, 2011, and gave Lawrence 21 days to respond to ECMC's interrogatories and discovery requests.

Lawrence then sent ECMC a 72-page "response" in which he repeatedly argued that he was not legally required to respond to ECMC's interrogatories or provide documents. On the basis of Lawrence's "response," ECMC moved the bankruptcy court to compel Lawrence to respond in substance to the outstanding interrogatories and discovery requests.

On August 31, 2011, the bankruptcy court granted ECMC's motion to compel. The bankruptcy court ordered Lawrence to serve ECMC's counsel with responses and responsive documents by September 6, 2011, and warned that Lawrence's failure to do so would result in sanctions, including entry of a final judgment in favor of ECMC.

On September 12, 2011, ECMC moved for entry of a final judgment in its favor because Lawrence had failed to comply with the bankruptcy court's August 31 order. ECMC informed the bankruptcy court that, rather than responding in the manner ordered by the bankruptcy court, Lawrence instead sent ECMC the same 72-page document that he sent previously.

On December 9, 2011, the bankruptcy court granted ECMC's motion and entered final judgment in ECMC's favor as to Lawrence's complaint. The bankruptcy court explained that it twice had ordered Lawrence to respond to outstanding discovery requests and it had warned Lawrence of the consequences of failing to respond. A pretrial hearing took place on November 1, 2011, which Lawrence did not attend, and, as of that date, he had still not complied with the bankruptcy court's orders compelling discovery. Under the circumstances, the bankruptcy court concluded that entry of final judgment in ECMC's favor and against Lawrence was an appropriate sanction.

Lawrence filed a motion for reconsideration, which the bankruptcy court denied. On January 30, 2012, Lawrence timely appealed the bankruptcy court's ruling to the district court.

## B.    District Court Proceedings

Lawrence's bankruptcy appeal was docketed in the district court on May 21, 2012. On May 24, 2012, the district court clerk filed and sent to Lawrence a "Notice of Designation Under Local Rule 3.05" ("the Notice"), which included a district court case caption and number. The Notice explained that (1) Lawrence's appeal was designated as a "Track One Case" pursuant to Local Rule 3.05, and (2) Lawrence was responsible for serving a copy of the Notice on all other parties.

On May 30, 2012, Lawrence filed a certificate of service certifying that he had served a copy of the Notice on ECMC's counsel via U.S. mail.  In the certificate of service, Lawrence stated his belief that Local Rule 3.05 did not apply to bankruptcy appeals.  After filing the certificate of service, Lawrence did not file a brief or any other documents.

On November 7, 2012, more than five months after Lawrence filed the certificate of service, the district court sua sponte dismissed Lawrence's appeal. The district court explained that, pursuant to Bankruptcy Rule 8009(a), Lawrence was required to file and serve his initial brief by June 5, 2012—14 days from the May 21, 2012, entry of the appeal on the docket.  Lawrence, however, had filed no brief, did not request an extension of time to file his initial brief, and had not otherwise appeared in the case.  The district court thus dismissed Lawrence's appeal for failure to comply with Rule 8009(a) and for failure to prosecute.

Lawrence timely appealed to this Court.

## II.  DISCUSSION

On appeal, Lawrence argues that the district court abused its discretion in sua sponte dismissing his appeal because the district court made no clear findings

5

of willful contempt or that lesser sanctions would be appropriate, and because the district court failed to provide him with notice that his appeal had been docketed.[1]

After the bankruptcy court transmits the record on appeal to the district court, the district court clerk must docket the appeal and give notice promptly to all parties that the appeal has been docketed. Fed. R. Bankr. P. 8007(b). Thereafter, "[t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket." Fed. R. Bankr. P. 8009(a)(1). If an appellant fails to take any necessary step in a bankruptcy appeal before the district court (except for timely filing a notice of appeal), that failure does not affect the appeal's validity, but it is grounds "for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

This Court interpreted Bankruptcy Rule 8009 in Brake v. Tavormina (In re Beverly Manufacturing Corp.), 778 F.2d 666 (11th Cir. 1985). In that case, the district court sua sponte dismissed the appellant's appeal from a bankruptcy court decision for failure to file briefs within the then-15-day deadline. Id. at 666. Prior to the dismissal, the appellant had filed, inter alia, a notice of appeal, statement of issues, designation of record, and a motion to accelerate the docketing of the appeal in the bankruptcy court in April 1984. Id. His appeal was docketed in the

---

[1]We review for an abuse of discretion a district court's decision to dismiss a bankruptcy appeal for failure to diligently prosecute the appeal. Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743, 744–46 (5th Cir. 1976); see Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions issued on or before September 31, 1981).

district court in August 1984, but he did not learn of the docketing until the appeal was dismissed in February 1985, despite the fact that he had inquired about the status of his appeal in November and December 1984.  Id. at 666–67.

On appeal, the appellant in Brake argued that his failure to timely file an opening brief should be excused because he never received notice that the appeal had been docketed, despite his inquiries, and therefore could not have known of the filing deadline.  Id. at 667.  This Court vacated the district court's dismissal, noting that the appellant had taken "all steps necessary for prosecution of the appeal except that of filing the brief," a failing that did not require automatic dismissal.  Id.  Rather, this Court held that the sua sponte dismissal of an appeal from a bankruptcy decision for failure to timely file an initial brief is proper only where "bad faith, negligence or indifference" has been shown, a "flexible standard."  Id.  This Court noted that "[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal."  Id.

Here, the district court did not abuse its discretion in dismissing Lawrence's bankruptcy appeal for failure to file an initial brief.  Contrary to Lawrence's assertion, the district court did not need to make a finding of willful contempt; rather, a finding of "bad faith, negligence or indifference" was sufficient.  See Brake, 778 F.2d at 667.  And that standard was met here in light of Lawrence's

7

nearly "complete failure to take any steps" to prosecute his bankruptcy appeal before the district court.  Id.  Unlike the appellant in Brake, who repeatedly inquired about the status of his appeal and filed other documents to perfect the appeal, the record here shows that Lawrence did not (1) inquire as to the status of his appeal in the more than five months between the time that he served the Notice on ECMC and the date of the district court's order of dismissal; (2) request an extension of time to file his initial brief; or (3) take any other action to prosecute his appeal. See id.

Lawrence's argument that the 14-day briefing period was never triggered because the docket clerk failed to give him the proper notice, pursuant to Bankruptcy Rule 8007(b), is without merit.  The district court clerk sent Lawrence the Notice regarding his appeal only a few days after it was docketed, and Lawrence acted upon the Notice by serving it on ECMC and filing a certificate of service with the district court.  Lawrence thus had actual knowledge that his appeal had been entered on the district court's docket—even if the Notice did not explicitly state that it had been docketed—because the Notice he received came from the district court, contained an appellate designation in the case caption, contained a district court case number, and provided the appropriate "track" for the case under the Middle District of Florida's local rules.

8

These particular circumstances of Lawrence's case, which also include Lawrence's prior, repeated refusals to comply with the bankruptcy court's discovery orders and the resulting entry of judgment in ECMC's favor, demonstrate sufficient "indifference" and "consistently dilatory conduct" such that we cannot say the district court abused its discretion in dismissing Lawrence's appeal.  See Brake, 778 F.2d at 667.  "[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules."  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted); see Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001) ("Liberal construction does not mean liberal deadlines." (quotation marks omitted)).

In light of the foregoing, we affirm the district court's dismissal of Lawrence's bankruptcy appeal for failure to timely file an initial brief and failure to prosecute.

**AFFIRMED.**