[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11524

Non-Argument Calendar

_____

In Re: IVAN URIBE,

Debtor.

_____

IVAN URIBE,

Plaintiff-Appellant,

*versus*

LAURIE K. WEATHERFORD,
Chapter 13 Trustee,

Defendant-Appellee.

_____

2                    Opinion of the Court                    22-11524

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-01976-PGB

————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Ivan Uribe appeals the bankruptcy court's order denying his motion for reconsideration of the dismissal of his chapter 13 plan, and the district court's dismissal of the appeal of the bankruptcy court's order.  After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2018, Uribe filed a voluntary petition for bankruptcy.  Under schedule D of the petition, Uribe listed Wells Fargo as the creditor holding a secured claim over a home he rented out for income.  Laurie Weatherford was appointed as the trustee.  After the bankruptcy court dismissed the case for failure to file a chapter 13 plan, Uribe filed his initial plan and moved to reinstate the case.  Uribe proposed to make monthly payments from November 2018 through October 2023.  The bankruptcy court granted the motion to reinstate the case, and the plan was modified—after several proposed amendments by Uribe—to require monthly payments of $819.17 from May 2, 2019, through March 2, 2021, with a balloon payment of $172,000 due on April 2, 2021.

In July 2020, Uribe again moved to modify the plan, asking for a pause in his monthly payments because he needed time to

replace his tenant who'd moved out during the coronavirus pandemic. After a hearing presided over by Judge Vaughan, the bankruptcy court permitted Uribe to skip six monthly payments, but it did not modify the due date of the balloon payment. In March 2021, Uribe moved yet again to modify the plan, asking to extend the pause in monthly payments for another month and to push the balloon payment back to March 2022. The bankruptcy court held a hearing—again presided over by Judge Vaughan—in May 2021 and granted Uribe's motion to modify, extending the balloon payment deadline by five months but requiring monthly payments in the meantime.

Uribe was delinquent in the amount of $3,126.94 by August 2021, having missed numerous payments, so Weatherford moved to dismiss the case. After another hearing presided over by Judge Vaughan, the bankruptcy court dismissed the case without prejudice. Uribe moved for reconsideration of the dismissal in September 2021. He argued that his financing to cover the balloon payment had fallen through before the dismissal but that he'd since been able to secure another source.

In October 2021, the bankruptcy court held a hearing presided over by Judge Jennemann. Uribe told the bankruptcy court that he'd secured lenders willing to loan him money so he could carry out his plan, he'd removed the second mortgage on his rental property, and circumstances related to both the pandemic and the rental market had improved. Weatherford argued that Uribe was attempting to "cram down" a non-homestead property but that he

went twelve months without making any payments and, although Judge Vaughan had extended the plan multiple times, the case eventually was dismissed after Uribe failed to make the balloon payment. Counsel representing Wells Fargo clarified that Uribe hadn't made any payments for sixteen months. In denying Uribe's motion, the bankruptcy court reasoned that Uribe had ample time to fix the problem, but had failed to do so, and hadn't made any substantial payments.

The bankruptcy court entered an order denying Uribe's motion for reconsideration, signed by Judge Vaughan. The order was vacated the next day, at which time the bankruptcy court re-entered the same order signed by Judge Jennemann. The order denying the motion for reconsideration noted that Uribe had "failed to provide any valid basis to reinstate the case."

Uribe filed a notice of appeal with the district court, appealing both the order dismissing his bankruptcy case and the order denying his motion for reconsideration. He then filed a motion for extension of time to file his initial brief, which was granted, making his brief due on or before February 7, 2022.

On February 8, 2022, Uribe filed a "motion for leave to supplement record on appeal," seeking to supplement the record with the transcript of the final hearing before the bankruptcy court. He argued that he'd been diligently working on his initial brief and was acting in good faith but would be unduly prejudiced without the benefit of the hearing transcript. The next day, the district court denied the motion without prejudice, concluding that—because

Uribe had failed to file his brief by the deadline, and he couldn't request any other relief without also requesting more time to file his initial brief—the motion effectively was a second motion for an extension of time to file an initial brief.  And because Uribe hadn't indicated when he ordered the transcript and his motion rested solely on his assertion—without explanation—that he needed the transcript, the district court concluded that Uribe hadn't demonstrated that his failure to file a brief—and hence to prosecute the appeal—wasn't the product of bad faith, negligence, or indifference.  In denying the motion, the district court gave Uribe five days to submit an amended motion for extension of time but ordered that failure to do so would result in dismissal of his appeal.  The order also required Uribe to attach his order form for the bankruptcy court transcript, an explanation for why he failed to timely request the transcript (if it wasn't ordered within the required time), an explanation for why the transcript was necessary, and an estimate for when his initial brief would be completed.

On February 14, 2022, Uribe submitted an identical motion for leave to supplement the record on appeal.  The district court denied the motion and dismissed the appeal, noting that the renewed motion ignored the court's instructions and "merely repeat[ed] the three-sentence argument presented in the original [m]otion, which the [c]ourt already rejected as deficient."

Uribe appeals the dismissal.

## STANDARD OF REVIEW

We sit as a second court of review in the bankruptcy context, independently examining the factual and legal determinations of the bankruptcy court and employing the same standards of review as the district court. *Finova Cap. Corp. v. Larson Pharmacy, Inc.*, 425 F.3d 1294, 1299–300 (11th Cir. 2005). We review the bankruptcy court's factual findings for clear error and the bankruptcy court's and district court's legal conclusions de novo. *Id.* at 1300. But we review for abuse of discretion a district court's order dismissing a bankruptcy appeal on procedural grounds. *See Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 746 (5th Cir. 1976). A district court abuses its discretion when it applies the wrong principle of law or makes clearly erroneous findings of fact. *In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013).

## DISCUSSION

On appeal, Uribe argues first that he followed the district court's order on how to amend his motion to supplement the record and that the district court erred by construing his motion to supplement the record as a motion for an extension of time to file his initial brief.

In bankruptcy appeals to the district court, the appellant must file a brief within thirty days after the docketing of notice that the record has been transmitted, unless the district court specifies different time limits. Fed. R. Bankr. P. 8018(a). If the appellant fails timely to file a brief, the district court may sua sponte dismiss the

appeal after notice. *Id.* 8018(a)(4). Generally, dismissal upon disregard of an order, especially where the litigant has been forewarned, isn't an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). But in the bankruptcy context, we've explained that because a brief—unlike a notice of appeal—isn't a jurisdictional prerequisite, a showing of bad faith, negligence, or indifference is necessary in determining whether dismissal for failure to file a brief is appropriate. *Brake v. Tavormina*, 778 F.2d 666, 667 (11th Cir. 1985) (interpreting former Fed. R. Bankr. P. 8009(a)(1), requiring timely filing of briefs).

The district court didn't abuse its discretion by dismissing Uribe's appeal for failure to comply with a court order. *See Pyramid Mobile Homes*, 531 F.2d at 746. A day after his initial brief was due, Uribe neither filed his initial brief nor moved for an extension of time to do so. Instead, he moved to supplement the record on appeal. Under these circumstances, the district court acted reasonably in construing this motion as one for extension of time, laying out detailed instructions on how to proceed, and providing ample forewarning of what would happen if Uribe didn't comply. *See* Fed. R. Bankr. P. 8018(a); *Moon*, 863 F.2d at 837. Uribe demonstrated negligence and indifference by re-filing the same motion he'd filed the previous week and failing to address the district court's instructions—effectively ignoring the court order. *See In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985) (dismissal for failure to timely file brief is "proper only when bad faith, negligence or indifference has been shown"). The district court also provided Uribe with the opportunity to show that he was acting in good faith by

instructing him to address whether he'd timely requested the transcript from the bankruptcy court, but Uribe didn't do so. *See id.* Therefore, Uribe hasn't shown that the district court applied the wrong principle of law or made a clearly erroneous factual finding, and the district court didn't abuse its discretion in sua sponte dismissing his appeal. *See* Fed. R. Bankr. P. 8018(a)(4); *In re Piazza*, 719 F.3d at 1271.

Second, Uribe argues that the bankruptcy court's order denying his motion for reconsideration was arbitrary and capricious because a bankruptcy judge who hadn't heard the case's earlier proceedings presided over the hearing on the motion. Ordinarily, we don't review arguments that weren't raised in the district court. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that issues not raised below normally are deemed waived). But because we sit as a second court of review in the bankruptcy context, independently examining the conclusions of the bankruptcy court, and because Weatherford doesn't raise the issue of waiver in her brief, we'll address the merits of Uribe's argument on this issue. *See Finova Cap.*, 425 F.3d at 1299–300.

The bankruptcy court didn't abuse its discretion in denying Uribe's motion for reconsideration. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Circ. 2000). Uribe's argument is unpersuasive because a different—but still well-qualified—judge presiding over the hearing and ruling on the motion doesn't constitute either newly discovered evidence or an error of law or fact. *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) ("The only grounds for granting

Kellogg's motion are newly-discovered evidence or manifest errors of law or fact.").

Finally, Uribe argues that the bankruptcy court's order denying his motion for reconsideration was arbitrary and capricious because it was re-entered by the judge who'd presided over the motion hearing after the original order was vacated. But this appears to be a mere clerical error that was quickly remedied and certainly doesn't constitute an abuse of discretion. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.").

**AFFIRMED.**