[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12389

Non-Argument Calendar

_____

In re: SMART BAKING COMPANY, LLC,

Debtor.

_____

SMART BAKING COMPANY, LLC,

Plaintiff-Appellant,

*versus*

POWERS INDUSTRIAL, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00155-WWB,
Bkcy No. 6:22-bk-2365-GER

————————————

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Smart Baking Company appealed to the district court a bankruptcy court's decision relating to its Chapter 11 reorganization. It filed its initial brief 11 days after the relevant deadline. The district court dismissed the appeal as untimely under Federal Rule of Bankruptcy Procedure 8018(a)(4). Smart Baking now appeals the district court's dismissal. Because the district court did not abuse its discretion, we affirm.

**I**

Smart Baking filed a voluntary petition to reorganize under Chapter 11 of the Bankruptcy Code. *See* 11 U.S.C. § 1181 *et seq*. In confirming Smart Baking's liquidation plan, the bankruptcy court granted Powers Industrial two administrative claims—one for unpaid rent and the other for building-repair costs. Smart Baking appealed the bankruptcy court's decision to allow the administrative claim for repair costs, but the district court dismissed the appeal for lack of finality because the bankruptcy court's order hadn't yet awarded a specific amount to Powers Industrial.

After the bankruptcy court set the claim for repair costs at $724,922.00, Smart Baking appealed again. But it filed its initial brief 11 days past the relevant deadline. The same day Smart Baking submitted its initial brief, Powers Industrial filed a motion to dismiss the appeal as untimely under Federal Rule of Bankruptcy Procedure 8018(a)(4). The district court granted the motion and dismissed Smart Baking's appeal.

## II

Smart Baking now challenges the district court's dismissal of its appeal—a decision we review for an abuse of discretion. *See Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 746 (5th Cir. 1976).[1] An abuse of discretion occurs if the district court does not apply the proper legal standard, does not follow proper procedures in making the determination, or relies on clearly erroneous factual findings. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006).

In a bankruptcy appeal to the district court, the appellant has 30 days to file a brief "after the docketing of notice that the record has been sent or that it is available electronically." Fed. R. Bankr. P. 8018(a)(1). If the appellant fails to file a brief on time or within an extended time authorized by the district court, the court may dismiss the appeal, either on motion of the appellee or on the court's own motion after providing notice to the appellant. Fed.

---

[1] We are bound by all Fifth Circuit decisions issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

R. Bankr. P. 8018(a)(4).  Although Rule 8018(a)(4)'s plain language does not further limit a district court's discretion to dismiss a tardy appeal, we have counseled against "routine dismissal for failure to timely file briefs."  *See In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985) (rejecting the appellee's bid to adopt a "stringent rule of dismissal for failure to timely file briefs").  We have instead ruled that "dismissal is proper only when bad faith, negligence or indifference has been shown."  *Id.*

Here, the district court did not abuse its discretion in dismissing Smart Baking's appeal under Rule 8018(a)(4).  Aside from noting that Smart Baking's brief was 11 days late, the district court also emphasized that the brief was "nearly identical to the one filed in [Smart Baking's first (dismissed) appeal], meaning that although [Smart Baking] already had its brief drafted, it still failed to timely file."  Order at 4, Doc. 14.  On top of that, the district court highlighted (1) that Smart Baking's overdue brief had "fail[ed] to include a corporate disclosure statement as required by Federal Rule of Bankruptcy Procedure 8012" and (2) that Smart Baking had infringed the district court's local rules "when it failed to file a notice of lead counsel designation with its Initial Brief."  *Id.*  Taken together, these findings justified the district court's conclusion that Smart Baking "ha[d] shown negligence, and even indifference, to compliance with its obligations related to this appeal."  *Id.*; *see Beverly Mfg.*, 778 F.2d at 667.

Smart Baking relies on two of our unpublished decisions, but these are neither binding nor analogous.  *See* 11th Cir. R. 36-2.

In *In re Mohorne*, 718 Fed. App'x 934 (11th Cir. 2018), we ruled that the district court had abused its discretion in dismissing a bankruptcy appeal only because "[w]e s[aw] nothing in the record that indicate[d] bad faith, negligence or indifference on [the pro se appellant's] part." *Id.* at 935.  Indeed, the appellant had "timely asked for additional time to file his brief, citing 'medical testing' and the need to 'find new counsel,' but the court [had] not den[ied] his motion until the day before his brief was due." *Id.*  So too, in *In re Tucker*, 665 Fed. App'x 841 (11th Cir. 2016), the pro se appellant had moved for an extension before the brief deadline and thus made "an attempt to comply with the relevant deadlines." *Id.* at 845.  We vacated the dismissal only because the district court had not found that any grounds for dismissal (bad faith, negligence, or indifference) applied.  *See id.* at 844–45.  Here, by contrast, Smart Baking did not move for an extension, and its tardy brief was a near carbon copy of the brief it had filed in the first appeal that the district court dismissed for lack of finality.  Given these circumstances, the district court was on firm ground in dismissing the appeal.

Because the district court did not abuse its discretion in finding that Smart Baking failed to properly prosecute its bankruptcy appeal, we **AFFIRM** its decision to dismiss it.

**AFFIRMED.**