**GODFREY et al. v. POWELL et al.**

No. 11522.

Circuit Court of Appeals, Fifth Circuit.

April 24, 1946.

Giles J. Patterson, of Jacksonville, Fla., for appellants.

F. P. Fleming and Wm. H. Rogers, both of Jacksonville, Fla., Louis F. Carroll and Harold J. Gallagher, both of New York City, and W. R. C. Cocke, of Norfolk, Va., for appellees.

Before SIBLEY, WALLER and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Foreclosure sale of the railroads of the Seaboard Air Line Railway Company, including what are referred to as the All Florida lines, occurred September 1, 1944, to Seaboard Railroad Company, and the sale was duly confirmed by the court on October 2, 1944. The appellants here, being holders of bonds secured by a mortgage on the All Florida lines, who were allowed to intervene in the foreclosures and receiverships, heretofore appealed from those de-

crees on certain matters relating to the distribution of the proceeds of sale. Godfrey et al. v. Powell et al., 5 Cir., 150 F.2d 486. The decrees were affirmed; but they left open to some extent two matters relating to the so-called "operating agreement", embodied in agreed court orders, under which the All Florida lines have been operated for years by the general receivers of the Seaboard System, to-wit: the exact amount these receivers are to be allowed as a lien against All Florida lines for betterments made prior to the sale; and whether or not the operating agreement itself ought to be modified, and as of what date. The operating agreement is summarized in Note 4 of the above cited opinion. After rehearing was denied on Sept. 5, 1945, the receivers made a final claim for the betterments and prayed its allowance. The intervenors' answer neither admitted nor denied the betterments, and by way of counter-claim set up that since Oct. 1, 1943, the latest date as to which the receivers had reported the results of operation of the All Florida lines, there had continued to be large net earnings, and that the operating agreement ought to be modified as of that date, or such other date as the court might determine, so as to enable intervenors to share equitably in them. The judge had a hearing on Oct. 16, 1945, in which the receivers established their betterments claim. Intervenors offered no evidence on their counter-claim, but contended that the receivers should show the result of operations since Oct. 1, 1943, and that the court knew that the war conditions which gave profits before and in 1943 still continued. The receivers contended that the matter of operating profits to the date of sale had already been considered and adjudged by that court and affirmed by this court, and that a modification of the operating agreement since the sale was a matter of interest only to the purchaser, who was not asking it, and that the intervenors had no interest in subsequent operations, and that all claims against the Seaboard receivers in behalf of the receivers for the All Florida lines, and of the trustee for the mortgage thereon, in respect of their operation were expressly sold with the All Florida lines under the decree of foreclosure. The judge decreed that the receivers' net claim for additional betterments to the date of sale was $29,802 more than tentatively fixed in the prior decree thereabout; and that modification of the operating agreement for the time prior to the sale had been denied by his previous decree and affirmed by this court; and as to the time since it was a matter of concern only to the purchaser; and that all claims against the receivers touching the operation of All Florida lines had expressly been sold to the purchaser under the foreclosure decree; and he dismissed the counterclaim of intervenors. The present appeal is from this decree.

█ 1. The increase by $29,802 of the betterments claim, which is a lien against the proceeds of sale of All Florida lines, does not hurt appellants, because by the terms of the sale the increase, if any, is to be added to the upset price, which the purchaser bid at the sale. The remaining proceeds applicable to the bonds of intervenors remain the same. No argument indeed is offered on this feature of the appeal.

█ 2. As to the modification of the operating agreement, it is true that by its original terms it was subject to modification by the court, after ten days notice to the parties in interest. Intervenors on such notice moved for a modification prior to the decrees brought to this court on the former appeal and this relief was denied in the District Court on two grounds; first, in fixing the upset price for the assets of All Florida lines there was added to their value $1,700,000 as representing a fair portion of the recent profits; and second, because the sale was imminent; but without prejudice to a right to renew the motion. We affirmed, holding in the last paragraph of our opinion: "As to the operating orders and the district judge's refusal to modify them retrospectively, the orders leave in no doubt that if modified on notice, as it was provided in them they could be, the modification was to be prospective only, and there is no merit in appellants' demand that they be modified retrospectively." As to a prospective modification, that is, for a period after the giving of the notice and demand for modification, we held that under the circumstances there was no abuse of discretion in denying it, without prejudice to the right to renew it. This ruling disposed of that motion for modification. It did not deal only with profits to Oct. 1, 1943, as is now argued, but to the date of denial. The judge, as a matter of common knowledge, doubtless thought that profits probably continued after Oct. 1, 1943, and considered them in his adjustment of $1,700,000 for such

profits in fixing the terms of sale. He states in the present record that such was his intention. The sale happened promptly on the terms fixed by him, and up to that date the matter is closed.

The present motion to modify was filed after the confirmation of the sale and after affirmance thereof in this court. It is not prejudiced by the adverse judgment on the other motion, but it also cannot reach back into the past, for we have held the operating agreement did not contemplate retrospective modification. And this time the intervenors can have no prospective modification, because since the sale and its confirmation they have no interest in the All Florida lines and their operation. "On confirmation of the sale by the court the accepted bidder becomes the purchaser in the full sense of the term and the substantial owner of the property sold with the right of possession, although this right may not be asserted until the due execution of the deed." 31 Am.Jur., Judicial Sales, § 146. Rents and profits subsequently accruing are generally held to go thereafter to the purchaser. Id. § 155. "By the weight of authority the confirmation of a judicial sale and the deed executed in pursuance thereof take effect by relation as of the day of the sale. The purchaser is entitled to everything he would have been entitled to if the conveyance had been contemporary with the sale, including in most jurisdictions rents and profits." Id. § 158. In this case it appears that the receivers are still in possession of the railroads, delivery of the deed having been delayed by this litigation and by the need of some action by the Interstate Commerce Commission; but we are told in argument that a failure of the sale is not at all likely. The operation of the All Florida lines by the receivers is now for the account of the purchaser. The purchaser, though by the purchase it has become a party to the cause, is not asking any change in the operating agreement. The bondholders' rights are altogether against the proceeds of sale. Whether or not interest is running on the bid is not now a question for decision.

It appears too that by the express terms of this decree of sale the purchaser gets not only the All Florida lines, but also the leases formerly made to the Seaboard Air Line Railway Company, which were not adopted by the receivers, and all claims for rental or for breach of the leases, and "all claims of the All Florida lines' receivers now existing or hereafter arising against the Seaboard or the Seaboard receivers, not hereinbefore specified, in respect of the possession or operation of their properties, except claims to any funds representing the proceeds of property sold or contracted to be sold prior to the date of this decree." In addition to the effect of the general law above pointed out, this particular decree thus very effectually disposes of all the rights under discussion as of the time of the sale. Unless the sale shall be frustrated, the bondholders must look only to its proceeds. If the sale should be frustrated a new situation of course would arise.

Judgment affirmed.