GODFREY et al. v. POWELL et al.

No. 11737.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1947.

Giles J. Patterson, of Jacksonville, Fla., for appellants.

F. P. Fleming and Wm. H. Rogers, both of Jacksonville, Fla., W. R. C. Cocke, of Norfolk, Va., and Edward J. Kenn, Jesse E. Waid, Harold J. Gallagher, and Leonard D. Adkins, all of New York City, for appellees.

Before HOLMES, McCORD, and WAL-LER, Circuit Judges.

McCORD, Circuit Judge.

At the conclusion of much litigation in which appellants were not successful,[1] they bring this appeal from a decree denying their claims for expenses and attorneys' fees.

Appellants insist that the lower court erred in not allowing them the sums of $60,000 as legal fees and $19,445.44 as expenses. They claim that by their intervention in the proceedings they aided in preserving, protecting, and benefiting the receivership and foreclosure estate to the advantage of all public bondholders. Interveners held $885,000 in amount of the total of $7,635,000 bonds held by the public. As benefits to the receivership and foreclosure estates, appellants claim that they caused (1) a subordination of $1,318,500 of Treasury Bonds held by the Seaboard Receivers; and (2) an adjustment for earnings of $1,704,000 in computing and fixing the upset price.

In opposition to the expense and legal fee claims of appellants, the mortgage trustees say that interveners made no substantial contribution which resulted in benefit to the public bondholders. They further insist that they were at all times representing the public bondholders as a class, and that the interveners, rather than benefiting the public bondholders, have in fact delayed distribution of assets at the expense of all bondholders.

Allowance of attorneys' fees and expenses in a case of this kind should be made only if it is clear that those seeking fees and expenses have by their efforts actually benefited the estate involved. Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157. Cf. Cannon v. Parker, 5 Cir., 152 F.2d 706. Where it appears that there is no one in the field to protect the class as a whole, and an individual or small group acts and benefits the whole group, a court may properly, and should, award compensation and expense allowances for such services out of the fund in court. "The right to charge attorneys' fees on a fund arises where one, at his own expense, has maintained a successful suit for the preservation, protection or increase of a common fund or common property." Standard Lumber Co. v. Interstate Trust Co., 5 Cir., 82 F.2d 346, 350; In re Paramount Publix Corporation, 2 Cir., 85 F.2d 588.

Allowances of fees and expenses must rest on facts showing actual benefits, and the findings of the trial court in such cases should not be disturbed on appeal unless there is clearly an abuse of discretion. Sullivan & Cromwell v. Colorado Fuel & Iron Co., 10 Cir., 96 F.2d 219; Gochenour v. Cleveland Terminals Bldg Co., 6 Cir., 142 F.2d 991.

The trial judge was intimately familiar with the problems peculiar to this litigation. He was in position to know just what the efforts of interveners and their counsel had contributed to the litigation. With first-hand knowledge of the background and

---

[1] Godfrey v. Powell, 5 Cir., 150 F.2d 486, certiorari denied 1945, affirming five decrees; and Godfrey v. Powell, 1946, 155 F.2d 51, affirming one decree.

332

continuing progress of the proceedings, and after a full hearing on appellants' claims for legal fees and expenses, the trial judge determined that "Neither the services rendered nor the expenses incurred by Interveners or any of the constituent members thereof, or their Solicitors, or any of them, redounded to the benefit of the mortgaged estate or the Bondholders as a class." He not only found that interveners' efforts had not been helpful or fruitful, but also that their efforts had, in fact, been detrimental, causing delay and expense. He further found that the mortgage trustees, acting on behalf of all the bondholders, had "acquitted themselves properly and efficiently" and had enforced their security; and that the trustees and not the interveners had applied for and obtained the decree fixing the upset prices and that such "upset prices fixed by this Court did not include any increase which was the result of any action taken by Interveners or which would not have been included if Interveners had not participated in the proceedings. * * * All necessary or proper action has been taken by the Mortgage Trustees, and they have not omitted to take any action which was either necessary or proper for that purpose. Accordingly, the expense claims of Interveners and the compensation claims of their Solicitors, and each such claim, should be denied."

▮ The record in this case, and the records in the previous appeals, lend support to the finding of the trial judge that appellants were actually representing their own individual interests, and that they did not secure any benefit for the public bondholders who were being adequately represented by the mortgage trustees. Certainly, it cannot be correctly held from the records before us that the findings of the trial judge are clearly erroneous,[2] or that his disallowance of fees and expenses was "a clear abuse of discretion" amounting to a manifest disregard of right and reason. Sullivan & Cromwell v. Colorado Fuel & Iron Co., 10 Cir., 96 F.2d 219; Reconstruction Finance Corporation v. Herring, 9 Cir.,

110 F.2d 320; Teasdale v. Sefton National Fibre Can Co., 8 Cir., 85 F.2d 379, 107 A.L.R. 531.

The judgment is affirmed.

---

[2] "Findings of fact shall not be set aside unless clearly erroneous * * *."

Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c.