### In the Matter of Pyramid Mobile Homes, Inc., Bankrupt.

### PYRAMID MOBILE HOMES, INC., Appellant,

v.

### James SPEAKE, Trustee, et al., Appellees.

No. 76–1049

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 13, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Robert B. Rubin, W. Frank Greenleaf, Birmingham, Ala., for appellant.

Frank M. Young, III, Birmingham, Ala., Charles D. Rosser, Tuscumbia, Ala., Wilbur G. Silberman, Birmingham, Ala., for appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Claiming that the District Judge abused his discretion, Pyramid Mobile Homes, Inc. seeks review of an order of the District Court dismissing its appeal from a jury verdict and order of the Bankruptcy Court adjudicating Pyramid an involuntary bankrupt. Being unwilling to sanction Pyramid's inexcusably dilatory tactics, we affirm the order of dismissal.

Pyramid was found to be bankrupt on April 14, 1975, and filed a notice of appeal with the District Court on April 23, 1975. Some two months later, according to the affidavit of the court reporter, the appellant first contacted him to begin preparation of the transcript for the appellate record. The reporter, who had not yet been paid his per diem fees for the trial itself, refused to commence transcription until he received a partial payment of $1000. Pyramid assured him that a check would be

forwarded immediately, but as of September 3, 1975, two and a half months after this initial telephonic contact and over four months after appealing, the reporter had heard nothing further from Pyramid.

When the Receiver learned of these facts, he moved on September 9 for dismissal of the appeal. The District Judge issued a conditional order of dismissal giving the company until September 18, 1975, to file the record with the Court. On the 25th of September the order was amended extending the time until October 21, 1975. During the extension, appellant apparently finally paid the reporter's advance, but on October 21, the day the record was due, Pyramid petitioned the Court for an additional twenty days because the transcription was only one-third complete. The motion was overruled, and on October 27, 1975, six months after the notice was originally filed, Pyramid's appeal was dismissed.

Exactly thirty days after entry of the order, Pyramid lodged its notice of appeal with us. The transcript of the bankruptcy proceeding was ultimately filed in this Court on April 1, 1976.

Upon examination of the applicable Bankruptcy Rules and the cases interpreting the Rules of Appellate Procedure from which they are derived, we are unable to say that the District Judge abused his discretion in dismissing the appeal under these circumstances. Bankruptcy Rule 806 explicitly provides:

> Within 10 days after filing the notice of appeal the appellant shall file with the referee and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on the appeal. . . . If the record designated by any party includes a transcript of any proceeding or a part thereof, *he shall immediately after the designation order the transcript and make satisfactory arrangements for payment of its costs.* All parties shall take any other action necessary to enable the referee to assemble and transmit the record. (Emphasis added.)

Thus, not only does Rule 806 mandate ordering the transcript immediately, but the exigencies of Rule 807 demand it. The latter allows the referee only thirty days within which to transmit the record following the designation of issues, absent an extension. Federal Rules of Appellate Procedure 10(b), 11(a), and 12(a), from which Bankruptcy Rules 806 and 807 are adapted, permit appellant to seek an extension if the reporter is unable to prepare the transcript within the allotted period, but such an extension requires a showing of cause. The responsibility for providing an adequate record and insuring its timely transmittal rests squarely with appellant, and when this responsibility is not met because of a gross lack of diligence or dilatory maneuvering, as were here exhibited, good cause is not shown. *Gammill Co. v. Asher,* 5 Cir. 1970, 423 F.2d 627, 628; *Business Forms Finishing Service, Inc. v. Carson,* 7 Cir. 1971, 463 F.2d 966, 967; *Brennan v. United States Gypsum Co.,* 10 Cir. 1964, 330 F.2d 728, 729; *Weinberger v. Group,* 1 Cir. 1964, 339 F.2d 34, 35; *Davis v. Smith,* 3 Cir. 1958, 253 F.2d 286; *United States v. Stanton,* 9 Cir. 1949, 172 F.2d 642; 13 Collier on Bankruptcy ¶¶ 806.04, 807.01–.04 (4th ed. 1975); 9 Moore's Federal Practice ¶¶ 210.-05[1], 211.03, 211.05 (2d ed. 1975) and cases cited therein.

Precisely because the filing of a notice of appeal is such a simple matter, and because of the inherent prejudice to creditors when the estate of a bankrupt is subject to dissipation by expenses incurred each additional day, some device is necessary to insure that appeals taken are diligently prosecuted. The rules relative to transmission of the record are such a device. As we have noted in the context of F.R.A.P. 11(a), "All should take heed that routine extensions of time are not to be allowed and that, as the spirit of the Rules reflects, extensions are to be based on demonstrated genuine need." *Thompson v. American Airlines, Inc.,* 5 Cir. 1970, 422 F.2d 350, 351. The rationale for this statement is even stronger in bankruptcy proceedings.

746

Bankruptcy Rule 801 specifies that if the appellant fails to take any steps beyond filing the notice of appeal, the validity of the appeal is unaffected, but that such quiescence "is ground only for such action as the district court deems appropriate, which may include dismissal of appeal." We fully recognize that indiscriminate exercise of the dismissal power for derelictions under Rules 806 and 807 may punish the innocent client for the unprofessional conduct of his counsel, but as in F.R.A.P. 3(a), dismissal is discretionary and should be considered in light of the prejudicial effect of delay on the appellee and the bona fides of the appellant. *Arline v. Brown,* 5 Cir. 1951, 190 F.2d 180; *Dawson v. McWilliams,* 5 Cir. 1944, 146 F.2d 38; 13 Collier on Bankruptcy ¶ 801.08 (14th ed. 1975); 9 Moore's Federal Practice ¶ 203.12 (2d ed. 1975) and cases cited therein. In the case before us, as in virtually any bankruptcy proceeding, time is the essence of prejudice to creditors. When considered in the light of behavior which crosses the line from lack of diligence to obstinately dilatory conduct, we must decline to be a party to further prejudice. The District Judge was well acquainted with this case and knew that for over four months after filing its appeal appellant had made no effort to comply with the Rules. Even then he granted an extension, and extended the extension. Rather than anticipating delays and acting to avoid them, Pyramid exacerbated the problem and waited until the last day to seek further time. Now, a year after the original proceeding, appellant comes before us claiming that it has at all times diligently attempted to prosecute its appeal. The record contradicts this assertion.

In these circumstances the action of the District Judge cannot be said to be a clear abuse of discretion "amounting to a manifest disregard of right and reason." *Godfrey v. Powell,* 5 Cir. 1947, 159 F.2d 330, 332, cited in *In re Diplomat Elec., Inc.,* 5 Cir. 1974, 499 F.2d 342, 346.

The order of the District Court, dismissing the appeal, is

AFFIRMED.