[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10211
Non-Argument Calendar
_____

D.C. Docket Nos. 0:15-cv-61830-FAM; 14-bkc-11822-RBR

In re: MARY A. TUCKER,

                                                                        Debtor.

_____

MARY A. TUCKER,

                                                                Plaintiff-Appellant,

versus

JP MORGAN CHASE BANK N.A.,

                                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 12, 2016)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The issue in this appeal is whether the district court abused its discretion when it dismissed *pro se* Plaintiff-Appellant Mary A. Tucker's appeal from a decision of the bankruptcy court for failure to timely file her initial brief. Tucker appealed to the district court for review of two related decisions of the bankruptcy court in Tucker's Chapter 13 bankruptcy proceeding. *See* 28 U.S.C. § 158(a). These decisions granted Defendant-Appellee JP Morgan Chase Bank N.A.'s ("Chase") motion to lift the automatic stay, *see* 11 U.S.C. § 362, for the limited purpose of allowing Chase to proceed with a foreclosure action against Tucker in Florida state court, and denied Tucker's motion to vacate the order lifting the stay.

After filing her notices of appeal, Tucker timely filed with the bankruptcy clerk a designation of the record on appeal and a statement of the issues to be presented, as required by Rule 8009(a)(1), Fed. R. Bankr. P. Chase filed its own designation two weeks later. The bankruptcy clerk then forwarded the completed record to the district court, in compliance with Rule 8010(b), Fed. R. Bankr. P.

On November 6, 2015, the district clerk docketed notice of the transmittal of the bankruptcy record. The docket entry explained the briefing schedule and, in pertinent part, stated that Tucker had thirty days from the docketing of the notice to serve and file her initial brief. *See* Fed. R. Bankr. P. 8018(a)(1) (providing that the

2

appellant's brief is due within thirty days "after the docketing of notice that the record has been transmitted or is available electronically"). So Tucker's initial brief was due on or before December 7.

On November 16, Tucker filed a "Motion for Stay Pending Appeal or in the Alternative, an Order Granting a Supersedeas Bond and Resetting Briefing Schedule." Tucker's motion challenged Chase's standing to obtain stay relief and, in turn, the bankruptcy court's jurisdiction to grant Chase such relief. Tucker did not argue her request for resetting the briefing schedule. The district court denied Tucker's motion on November 23, stating, "The Court is not inclined to grant the requested or alternatively requested relief and expects counsel to comply with all deadlines."

On December 7, the date her brief was due, Tucker filed a motion requesting an extension of thirty days to file her initial brief. Tucker asked for an extension in light of the following: (1) the bankruptcy court had not yet ruled on her motion to strike a document from the record; (2) she was not a lawyer and was representing herself in several other pending matters, including three other lawsuits; (3) she needed time to research applicable law and to review the underlying record; and (4) the holiday season was approaching. Also, Tucker asked the court to clarify whether its previous order, which was directed to "counsel," applied to her.

On December 11, the district court, having "considered the motions, the pertinent portions of the record, and being fully advised in the premises," denied Tucker's motion for an extension of time to file her initial brief. The court did not explain its decision any further. Five days later, the district court dismissed Tucker's appeal because, despite the court's admonishment that it "expected the parties to comply with all deadlines," her brief had not been timely filed. This appeal followed. We have jurisdiction under 28 U.S.C. § 158(d).

We review for an abuse of discretion the district court's dismissal of a bankruptcy appeal for failure to prosecute. *See Pyramid Mobile Homes, Inc. v. Speake (In re Pyramid Mobile Homes, Inc.),* 531 F.2d 743, 746 (5th Cir. 1976) (affirming district court's dismissal of bankruptcy appeal pursuant to former Bankruptcy Rule 801).[1] We review a district court's decision to deny a request for an extension of a filing deadline for an abuse of discretion. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004).

The abuse-of-discretion standard is deferential and affords a range of choice to the district court. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006). Nevertheless, an abuse of discretion occurs if the court does not apply the proper legal standard, does not follow proper procedures in making the determination, or relies on clearly erroneous factual findings. *Id.* In

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

cases where the district court applies an improper standard, remand for application of the correct standard is often appropriate where the decision to be made is not "one devoid of any room for the exercise of discretionary judgment." *Advanced Estimating Sys. Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (remanding for application of the correct "excusable neglect" standard because "the district court will often have some range of choice in deciding excusable neglect issues").

In a bankruptcy appeal to the district court, the appellant has thirty days to file a brief "after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). "[I]n its discretion," the district court may extend this time "for cause shown" either (1) with or without motion before the time to act has expired, or (2) on motion made after the time to act has expired "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1); *see Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1287–89 (11th Cir. 2016) (explaining that the bankruptcy rules apply to cases in both the bankruptcy and district courts). If the appellant fails to file a brief on time or within an extended time authorized by the district court, the court may dismiss the appeal, either on motion of the appellee or on the court's own motion after providing notice to the appellant. Fed. R. Bankr. P. 8018(a)(4).

In general, dismissal for failure to prosecute an appeal "is discretionary and should be considered in light of the prejudicial effect of delay on the appellee and

the bona fides of the appellant." *In re Pyramid Mobile Homes, Inc.*, 531 F.2d at 746. Rule 8018(a)(4) authorizes dismissal for failure to file a brief on time, but we have concluded that "routine dismissal for failure to timely file briefs" is not appropriate. *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985) (rejecting the appellee's position that this Court adopt a "stringent rule of dismissal for failure to timely file briefs"). Rather, "dismissal is proper only when bad faith, negligence or indifference has been shown." *Id.*

We adopted this "flexible standard"—requiring bad faith, negligence, or indifference for dismissal—in *In re Beverly Manufacturing Corp.* for two main reasons. First, it was consistent with our approach in non-bankruptcy litigation, where we had held that the failure to timely file briefs "is merely a 'non-jurisdictional defect in the prosecution of [an] appeal,' and such defect does not require dismissal in every case." *Id.* (quoting *Marcaida v. Rascoe*, 569 F.2d 828, 830 (5th Cir. 1978) ("[T]he late filing of briefs is at most (a) non-jurisdictional (defect) in the prosecution of (t)his appeal, which we consider insufficient to warrant dismissal." (internal quotation marks omitted)).

Second, we found that the flexible standard better serves the policy underlying the rule requiring timely filing of briefs, which is simply "to encourage swift prosecution of appeals." *Id.* "Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than

the mere filing of a notice of appeal." *Id.* at 667; *In re Pyramid Mobile Homes, Inc.*, 531 F.2d at 745–46 (concluding that dismissal was appropriate where the appellant made "no effort to comply with the Rules" for over four months after filing its appeal). But a slight lack of diligence on the part of the appellant may not be sufficient to warrant dismissal. *See In re Pyramid Mobile Homes, Inc.*, 531 F.2d at 746 (finding that the appellant's conduct "crossed the line from lack of diligence to obstinately dilatory conduct"); *see also In re Beverly Mfg. Corp.*, 778 F.2d at 667 (remanding where the "appellant took all steps necessary for prosecution of the appeal except that of filing the brief," and where the appellant offered a reasonable explanation for why he failed to inquire of the status of his case for seven months).

Here, the district court abused its discretion by applying an incorrect standard. *See Heffner*, 443 F.3d at 1337. The dismissal order reflects application of a "stringent rule of dismissal for failure to timely file briefs" that is inconsistent with the "flexible standard" we adopted in *In re Beverly Manufacturing Corp.* The simple fact that Tucker failed to file a single brief on time is insufficient to support a dismissal. Rather, "dismissal is proper only when bad faith, negligence or indifference has been shown." *In re Beverly Mfg. Corp.*, 778 F.2d at 667. The court did not expressly find that any of these grounds had been shown. Nor did the

7

court otherwise evaluate Tucker's reasons for seeking an extension of time or the prejudice to Chase. *See Pyramid Mobile Homes, Inc.*, 531 F.2d at 746.

Although the district court noted that Tucker had failed to heed its warning that it expected her to comply with all deadlines, we cannot conclude that the court implicitly found that Tucker had shown bad faith, negligence, or indifference, as contemplated in *In re Beverly Manufacturing Corp.* And significantly, the court's order did not provide clear notice that the court would dismiss her appeal if she failed to file her brief by the original deadline. So Tucker's request for an extension does not appear to be in blatant disregard of the court's warning. In addition, Tucker's filing of a motion for an extension of time to file her brief, as provided in Rule 9006(b)(1), Fed. R. Bankr. P., before the expiration of the deadline can itself be construed as an attempt to comply with the relevant deadlines. Plus, the court's failure to provide clear notice of its intent to dismiss if Tucker failed to timely file her brief raises a question of whether the court complied with Rule 8018(a)(4)'s requirement that any dismissal on the court's own motion occur "after notice."

Accordingly, we vacate the judgment dismissing Tucker's appeal and we remand to the district court for further proceedings.

**VACATED AND REMANDED.**

8