[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13534
Non-Argument Calendar
_____

D.C. Docket Nos. 0:17-cv-61007-KMM; 05-bkc-25836-JKO

In re: SAMUEL C. MOHORNE,

                                                                                            Debtor.
_____

SAMUEL C. MOHORNE,

                                                                    Plaintiff - Appellant,

versus

BEAL BANK,
BROWARD COUNTY SHERIFF,

                                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 12, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Samuel Mohorne appeals *pro se* from the district court's dismissal of his appeal from the bankruptcy court for failure to timely file his initial brief after he was denied an extension of time to file that brief. After careful review, we vacate and remand.

This appeal relates to Mohorne's bankruptcy case, which was closed in 2013. In April 2017, Mohorne filed a motion to reopen the bankruptcy case. The bankruptcy court denied that motion, and Mohorne appealed to the district court. Shortly after his appeal was docketed in the district court, Mohorne moved for an extension of time to file his brief, which Appellee Beal Bank opposed. On July 24, 2017, the day before Mohorne's brief was due, the district court denied the extension motion without prejudice because Mohorne did not indicate the length of extension sought. Three days later, when Mohorne failed to file his brief on time, as required by Fed. R. Bankr. P. 8018, the district court dismissed his appeal and directed the clerk to close the case. On August 7, Mohorne filed his brief, in addition to a notice of appeal to this Court.

We review for an abuse of discretion the district court's dismissal of a bankruptcy appeal for failure to prosecute. *See Pyramid Mobile Homes, Inc. v.*

2

*Speake (In re Pyramid Mobile Homes, Inc.),* 531 F.2d 743, 746 (5th Cir. 1976).[1] Likewise, we review a district court's decision to deny a request for an extension of a filing deadline for an abuse of discretion. *See Young v. City of Palm Bay, Fla.,* 358 F.3d 859, 863 (11th Cir. 2004).

The abuse-of-discretion standard is deferential and affords a range of choice to the district court. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.,* 443 F.3d 1330, 1337 (11th Cir. 2006). Nevertheless, an abuse of discretion occurs if the court does not apply the proper legal standard, does not follow proper procedures in making the determination, or relies on clearly erroneous factual findings. *Id.*

In a bankruptcy appeal to the district court, the appellant has thirty days to file a brief "after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). "[I]n its discretion," the district court may extend this time "for cause shown" either (1) with or without motion before the time to act has expired, or (2) on motion made after the time to act has expired "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). If the appellant fails to file a brief on time or within an extended time authorized by the district court, the court may dismiss the appeal, either on motion of the appellee or, "after notice," on the court's own motion. Fed. R. Bankr. P. 8018(a)(4).

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

In general, dismissal for failure to prosecute a bankruptcy appeal "is discretionary and should be considered in light of the prejudicial effect of delay on the appellee and the bona fides of the appellant." *In re Pyramid Mobile Homes, Inc.*, 531 F.2d at 746.  While Rule 8018(a)(4) authorizes dismissal for failure to file a brief on time, we have concluded that "routine dismissal for failure to timely file briefs" is not appropriate.  *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985) (declining to adopt a "stringent rule of dismissal for failure to timely file briefs").  Instead, we have adopted a "flexible standard requiring bad faith, negligence or indifference" before dismissal.  *Id.*

Here, the district court abused its discretion by applying "a stringent rule of dismissal for failure to timely file briefs" that is inconsistent with the "flexible standard" we adopted in *In re Beverly Manufacturing.  See Heffner*, 443 F.3d at 1337.  We see nothing in the record that indicates bad faith, negligence, or indifference on Mohorne's part.  Mohorne timely asked for additional time to file his brief, citing "medical testing" and the need to "find new counsel," but the court did not deny his motion until the day before his brief was due.  Then, two days after his brief was due, the court dismissed the appeal on its own motion without providing Mohorne notice under Rule 8018(a)(4) and an opportunity to respond.  Consequently, we conclude that the court abused its discretion by dismissing Mohorne's appeal.

4

Beal Bank argues that Mohorne has abandoned any challenge to the district court's decisions by failing to address the substance of those decisions in his briefing to this Court. It is well-established that, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). Here, however, we conclude that Mohorne's brief, liberally construed, adequately raises a challenge to the denial of his extension motion and the dismissal of his appeal. Mohorne asserted that the court erred in waiting nearly 30 days to rule on his extension motion, denying that motion, and then dismissing the case without providing him notice or additional time to file his brief. *See, e.g.*, Appellant's Br. at iv. ("The Court should have notified the pro se[,] permitting him . . . time to file . . . his brief[,] in writing prior to closing the case.").

Beal Bank also contends that the district court's *sua sponte* dismissal under Rule 8018 was proper. Specifically, Beal Bank argues that the court satisfied Rule 8018(a)(4)'s notice requirement for *sua sponte* dismissals, citing a district court decision, *Fohrmeister v. Puckett*, No. 8:17-cv-516, 2017 WL 2958919 (M.D. Fla. July 11, 2017). But *Fohrmeister* did not address Rule 8018(a)(4)'s notice requirement, as the appellee in that case had filed a motion to dismiss. *Id.*, *1; *see* Fed. R. Bankr. P. 8018(a)(4) (stating that dismissal must be "after notice" only if the court acts on its own motion). Plus, the appellant in that case had not moved

for an extension of time, as Mohorne did here, and the court expressly found that the appellant was "either acting negligently or indifferently" under the standard announced in *In re Beverly Manufacturing Corp*.  *See Fohrmeister*, 2017 WL 2958919, \*2.  The district court made no similar finding in this case.  Accordingly, *Fohrmeister* is clearly distinguishable.

Finally, Beal Bank argues that Mohorne's appeal is frivolous, in any event, so we should affirm the district court on that basis.  It claims that we may look to the "the bona fides of the appellant" under *In re Pyramid Mobile Homes, Inc.*, which it interprets as the merit of the appeal.  However, we understand *In re Pyramid Mobile Homes, Inc.*'s reference to "the bona fides of the appellant" to mean the appellant's proffered reasons for his or her lack of diligent prosecution, not the underlying strength of his or her case.  *See* 531 F.2d at 746 (measuring the appellant's behavior in prosecuting the appeal against the prejudice to the appellee).  And while we possess the power to affirm on any ground supported by the record, we conclude that the more prudent course of action in this case is simply to remand this case to the district court for further proceedings as appropriate under the circumstances.

For these reasons, we vacate the dismissal of Mohorne's appeal from the bankruptcy court and remand to the district court for further proceedings.

**VACATED AND REMANDED**.