[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13018
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00555-JSM
Bkcy No. 3:15-bkc-00341-PMG

In re:

      REMI GUNN,

                                                Debtor.
_____

JAMES M. THOMPSON,

                                        Plaintiff-Appellant,

versus

REMI GUNN,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 30, 2018)

Before ED CARNES, Chief Judge, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

James Thompson, proceeding pro se, appeals the district court's dismissal of his bankruptcy appeal.  He filed an involuntary bankruptcy petition against Remi Gunn, which the bankruptcy court dismissed.  The bankruptcy court also awarded Gunn damages, and Thompson appealed that judgment to the district court.  The district court dismissed his appeal on the grounds that Thompson failed to prosecute the appeal, failed to state a legal basis for the appeal, and did not comply with the bankruptcy rules.  This is Thompson's appeal.

Thompson's brief, liberally construed, does not address any of the district court's reasons for dismissing his appeal, which means that he has abandoned those issues.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").  As a result, the district court's judgment must be affirmed.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").[1]

_____

[1] Even if Thompson had briefed those issues, he could not show that the district court abused its discretion in dismissing his appeal.  See Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743, 744–46 (5th Cir. 1976).  The record supports the district court's finding that Thompson failed to meet deadlines and violated the district court's order directing him to file a brief

**AFFIRMED.**

---

complying with the bankruptcy rules.  The district court also warned Thompson that his failure to file a proper brief could result in the dismissal of his appeal with prejudice.  His behavior justified the dismissal of his appeal.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").