[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10415
Non-Argument Calendar

_____

D.C. Docket Nos. 9:16-cv-81993-KAM; 9:16-bkc-01046-EPK

In re: JOSEPH LLEWELLYN WORRELL,

Debtor

_____

JOSEPH LLEWELLYN WORRELL,

Plaintiff-Appellant,

versus

EMIGRANT MORTGAGE COMPANY,
RETAINED REALTY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2019)

Before JORDAN, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Joseph Worrell, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal of his bankruptcy appeal for failure to prosecute.

We review for abuse of discretion a district court's order dismissing a bankruptcy appeal on procedural grounds. *See In re Pyramid Mobile Homes, Inc.*, 531 F.2d 743, 746 (5th Cir. 1976) (per curiam).[1]

We read briefs filed by *pro se* litigants liberally, but issues not briefed on appeal by a *pro se* litigant are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). A litigant also abandons his claim by making only passing references to it or failing to support it with arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Further, we do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Timson*, 518 F.3d at 874 (citation omitted). *Pro se* litigants are also required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

In bankruptcy appeals to the district court, the appellant must file a brief within 30 days after the docketing of notice that the record has been transmitted, unless the district court specifies different time limits. Fed. R. Bankr. P.

---

[1] *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

8018(a)(1).  If the appellant fails to timely file a brief, the district court may dismiss the appeal on its own motion after notice.  *Id.* 8018(a)(4).  In the bankruptcy context, we have explained that filing briefs, unlike filing a notice of appeal, is not a jurisdictional prerequisite; accordingly, a showing of bad faith, negligence, or indifference is necessary to a determination that dismissal is appropriate for failure to file a brief.  *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985) (interpreting former Bankruptcy Rule 8009(a)(1), requiring timely filing of briefs).

Worrell has abandoned any claim that the district court abused its discretion in dismissing his appeal for failure to prosecute on the ground that he filed his initial brief almost seven months late.  Even reading his opening brief in this Court liberally, Worrell has not raised any argument as to the district court's dismissal of his appeal for failure to prosecution, let alone any argument that his failure to prosecute was not negligent, indifferent, or done in bad faith.  Instead, he has raised arguments pertaining only to the lawfulness of the foreclosure sale of his home.  Although Worrell contends in his reply brief that the district court's dismissal was improper because any delay was caused by the court, not him, we will not consider arguments raised for the first time in a reply brief, even from a *pro se* litigant.  *Timson*, 518 F.3d at 874.

3

Moreover, even if we were to conclude that Worrell had not abandoned his position, we would hold that the district court did not abuse its discretion in determining that he had demonstrated indifference and negligence by (1) filing his initial district court brief almost seven months late, (2) ignoring the district court's initial order to explain the delay and show cause why his appeal should not be dismissed for failure to prosecute, and then (3) failing for five months to respond to the court's second show-cause order.  Accordingly, we **AFFIRM.**