[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13081

Non-Argument Calendar

_____

In Re: GREGORY BRIAN MYERS,

Debtor.

_____

GREGORY BRIAN MYERS,

Plaintiff-Appellant,

*versus*

JON M. WAAGE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00143-JES

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

After the bankruptcy court denied confirmation of debtor Gregory Myers's proposed Chapter 13 plan and dismissed his bankruptcy petition, Myers appealed to the district court. The district court dismissed his appeal for failure to prosecute. Myers now appeals the district court's dismissal order. After careful consideration, we affirm.

**I.**

In January 2021, Myers filed a voluntary Chapter 13 petition in bankruptcy court in the Middle District of Florida. At the time he filed the petition, Myers was represented by counsel. In the petition, he disclosed that in the previous eight years he had filed three bankruptcy petitions—two in Maryland and one in

Delaware.[1] At the time that Myers filed his Florida bankruptcy case, one of his Maryland bankruptcy petitions remained pending.[2]

In the Florida bankruptcy case, Myers filed schedules that disclosed his assets and liabilities. His assets included ownership interests in real property worth approximately $11.5 million. But he asserted that all the real property was exempt and not a part of his bankruptcy estate. He reported approximately $28,000 in liabilities.

In his first plan, Myers proposed that he would make a single payment of ten dollars to the trustee, nothing would be distributed to his secured creditors, and one dollar would be distributed to his unsecured creditors. He disputed the legitimacy of any secured claims, saying that all these claims were "subject to pending litigation" and he was "not personally liable for any of them." Doc. 4-16 at 3.[3] Myers also reported that he held claims against more than 40 named parties (including the trustee, attorneys, and law firms involved in one of his Maryland bankruptcy cases) and had 19 pending lawsuits.

---

[1] During the same period, Myers's wife, Barbara Ann Kelly, filed three bankruptcy petitions. And, as we explain below, while Myers's appeal was pending in the district court, she filed another bankruptcy petition.

[2] In the Maryland bankruptcy case, the bankruptcy court found that Myers had made intentionally false statements in his bankruptcy schedules and denied him a discharge. *See In re Myers* (*U.S. Tr. v. Myers*), No. 15-26033, 2018 WL 4701387, at *12 (Bankr. D. Md. Sept. 20, 2018).

[3] "Doc." numbers refer to the district court's docket entries.

The standing Chapter 13 trustee, Jon Waage, filed a motion to dismiss Myers's bankruptcy case. Because the plan would have Myers pay just ten dollars, his unsecured creditors receive only one dollar, and his secured creditors receive nothing, Waage argued that the plan was not a good faith attempt to reorganize Myers's debts.

After Waage moved to dismiss, Myers filed a first amended plan. This time, he proposed to pay approximately $7,200 to the trustee under the plan with his unsecured creditors receiving approximately $6,500 and his secured creditors receiving nothing. Some creditors objected to the first amended plan.

Myers then filed a second amended plan. He proposed to make larger monthly payments so that his unsecured creditors would be paid in full. He again proposed to pay secured creditors nothing.

The day before a scheduled confirmation hearing, Myers filed a third amended plan, again proposing to pay his unsecured creditors in full and to pay his secured creditors nothing. In the plan, he reported that he was seeking to avoid various judicial liens and would file separate motions related to the liens. *See* 11 U.S.C. § 522(f) (stating that a debtor may "avoid the fixing of . . . a judicial lien" if "such lien impairs an exemption to which the debtor would have been entitled"). He listed over a dozen liens that he wanted to avoid. When Myers filed the third amended plan, he had filed a motion to avoid just one of these liens, which was held by U.S. Bank as a trustee. At the hearing, the bankruptcy court denied his

motion to avoid, finding that U.S. Bank did not hold any judicial lien and thus there was nothing to avoid.[4]

Myers's filing of the third amended plan led the bankruptcy court to reschedule the confirmation hearing to August 25, 2022. Before the rescheduled hearing, several of the parties who Myers alleged held judicial liens filed objections to the third amended plan.

At the confirmation hearing, the bankruptcy court focused on Myers's request to avoid liens. It concluded that it had to decide whether to avoid the liens before it could address whether to confirm the plan. It set a deadline of November 1 for Myers to either file motions to avoid liens or amend his plan "to eliminate [the] lien avoidance provisions." Doc. 4-142 at 2. The bankruptcy court then rescheduled the confirmation hearing for December 1.

Shortly after the bankruptcy court entered this order, Myers's attorney moved to withdraw, citing irreconcilable differences. The bankruptcy court granted the motion.

Myers, proceeding *pro* se, then asked the court to extend his deadline to file motions to avoid liens or to amend his plan and to reschedule the confirmation hearing. He said he needed additional time because he was trying to find a new attorney and a hurricane

---

[4] Myers separately appealed this order to the district court, which affirmed the bankruptcy court. *See Myers v. U.S. Bank Nat'l Bank Assoc. (In re Myers)*, No. 2:22-cv-498, 2023 WL 5697379 (M.D. Fla. Sept. 5, 2023). Myers's appeal of that order is currently pending in this Court.

had recently damaged his home. The court extended the deadline for Myers to file motions to avoid liens or amend his plan to January 5, 2023. And it rescheduled the confirmation hearing to January 19, 2023.

Myers did not find a new attorney and instead continued to proceed *pro se*. Two days before the January 5 deadline for filing motions to avoid judicial liens or to amend the plan, he requested another extension. He asked the court to stay all deadlines for approximately one month because his brother had recently died and he needed to attend to family matters.

The bankruptcy court granted the motion in part. It moved the deadline for Myers to file motions to avoid liens or amend his plan to January 12. But it refused to further extend the deadline or to change the date of the confirmation hearing. The bankruptcy court explained that the case had been pending for two years and the confirmation hearing already had been rescheduled several times. It reminded Myers that he did not need to attend the confirmation hearing in person and could attend by telephone or Zoom.

Although Myers represented in his third amended plan that he was seeking to avoid more than a dozen judicial liens, by the January 12 deadline he had filed only two motions to avoid judicial liens. In these motions, he sought to avoid liens allegedly held by Watercolor Development, LLC. Watercolor opposed the motions, explaining that it had no judicial lien. Myers did not file motions to avoid any other judicial liens. He also did not file a fourth amended plan that removed the references to avoiding other liens.

On January 19, the bankruptcy court held the confirmation hearing. It acknowledged that Myers had sought a continuance because of his brother's death. But it again explained that the case had been pending for almost two years and stated that it was "not in a position to continue the confirmation any further." Doc. 4-187 at 17. The bankruptcy court denied Myers's motions to avoid Watercolor's liens, explaining that Watercolor had no judicial lien and thus there was nothing to avoid.

The bankruptcy court also considered whether to confirm Myers's third amended plan. It explained that a Chapter 13 plan could be confirmed only if it had been proposed in good faith. *See* 11 U.S.C. § 1325(a)(3). The court found that Myers did not file the bankruptcy case or propose his third amended plan in good faith. It noted that Myers had "objected to each claim filed in the case" and that, although the case had been pending for two years, he still had not proposed a plan that satisfied the Bankruptcy Code's requirements for confirmation. Doc. 4-187 at 31. Based on Myers's actions throughout the bankruptcy case, the bankruptcy court found that his motivation was "to delay and frustrate" creditors. *Id.* It dismissed the case with prejudice and barred Myers from refiling for bankruptcy for two years.

Myers appealed to the district court. In his notice of appeal, he stated that he was appealing the bankruptcy court's orders denying confirmation and dismissing his case, as well as its orders denying his motions to avoid Watercolor's judicial liens.

After the bankruptcy court transmitted the record to the district court, the district court notified Myers that it had docketed his appeal. It instructed him to file an initial brief by June 9, 2023. But by this deadline, he neither filed a brief nor requested an extension of time.

On August 14—approximately two months after the deadline for filing Myers's brief had passed—the district court entered an order directing him to show cause "why the appeal should not be dismissed for failure to prosecute." Doc. 6 at 2. It directed Myers to file a response within seven days. He filed no response by the August 21 deadline.

On August 25, the court entered an order dismissing the appeal for failure to prosecute. It noted that Myers had failed to file an initial brief and that since the show cause order there had been "no activity or the usual request for an extension of time." Doc. 7 at 1.

Later that day, the district court clerk docketed two motions Myers had electronically filed. He had filed the first motion just after midnight on August 22. In this motion he requested additional time to respond to the show cause order because he had just filed a brief with the Fourth Circuit on August 21 at 11:44 p.m. He promised to file a response to the show cause order by August 24. But he filed no response by that date.

Instead, on August 25, Myers filed a second motion seeking another extension of time. He said that he had been unable to prepare a response to the show cause order because he had spent a day

attending a land use hearing and had responded to a jurisdictional question in another appeal. He reported that he had upcoming vacation plans with his family and asked the court to extend the deadline for his response to September 6.

Upon reviewing Myers's two motions, the district court vacated its order dismissing the appeal. It extended the deadline for Myers to file his initial brief to September 6. It directed that no further extensions would be granted. Myers filed nothing on September 6. On September 12, the district court dismissed the appeal for lack of prosecution.

After the district court dismissed the appeal, the clerk docketed a motion for clarification that Myers had filed on September 11. In the motion, Myers stated that his wife, Barbara Ann Kelly, had filed a Chapter 13 petition in a Maryland bankruptcy court in April 2023. Myers was concerned that the act of filing a brief in his appeal could violate the automatic stay in Kelly's bankruptcy. In the motion, he did not address why he had missed the court's September 6 deadline or why he had not previously informed the court of Kelly's bankruptcy, which he had known about for nearly five months.

The district court considered the motion for clarification. It explained that because Kelly was not a party to Myers's appeal, the automatic stay in her bankruptcy had no effect on it.[5] Because the

---

[5] The bankruptcy court in Maryland later dismissed Kelly's bankruptcy petition and barred her from filing another bankruptcy petition anywhere in the

court had already dismissed Myers's appeal for failure to prosecute, it denied his motion for clarification as moot.

This is Myers's appeal from the district court's orders dismissing his appeal and denying his motion for clarification.

## II.

We review for abuse of discretion a district court's order dismissing a bankruptcy appeal on procedural grounds. *See Pyramid Mobile Homes, Inc. v. Speake* (*In re Pyramid Mobile Homes, Inc.*), 531 F.2d 743, 746 (5th Cir. 1976).[6] Although we liberally construe pleadings filed by a *pro se* litigant, we nevertheless require a *pro se* litigant to comply with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## III.

In his appeal to this Court, Myers primarily attacks the bankruptcy court's orders. He argues, among other things, that the bankruptcy court erred when it dismissed his bankruptcy case

---

United States for four years. *In re Kelly*, 656 B.R. 541, 551 (Bankr. D. Md. 2023). After reviewing the history of bankruptcy filings from Kelly and Myers, the bankruptcy court in Maryland found that they had engaged in "unfettered abuse and exploitation of the bankruptcy process" for several years, saying that they had "demonstrated that they have no intention of using the bankruptcy process for the purpose for which it was intended and that their sole objective [was] to harass and frustrate creditors." *Id*. Kelly has appealed that order to the district court; her appeal is currently pending.

[6] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

without adequate notice, found that he acted in bad faith, and refused to continue the confirmation hearing after his brother died. He also asserts that the district court abused its discretion when it dismissed his appeal for failure to prosecute. Because we conclude that the district court did not abuse its discretion when it dismissed Myers's appeal for failure to prosecute, we do not reach the other issues he raises.

Bankruptcy court proceedings are appealed first to the district court, then to this Court. 28 U.S.C. § 158(a), (d). In an appeal of a bankruptcy court order to the district court, an appellant generally must file a brief within 30 days after the docketing of a notice that the record has been transmitted. Fed. R. Bankr. P. 8018(a)(1). A district court may in its discretion extend this time. Fed. R. Bankr. P. 9006(b)(1). If the appellant fails to file a brief on time or within an extended time authorized by the district court, the court may dismiss the appeal, either on motion of the appellee or on the court's own motion after providing notice to the appellant. Fed. R. Bankr. P. 8018(a)(4).

In general, a district court has discretion to decide whether to dismiss an appeal for failure to prosecute. *Pyramid Mobile Homes*, 531 F.2d at 746. But this discretion is not unlimited; dismissal for failure to timely file a brief is appropriate only when "bad faith, negligence, or indifference has been shown." *Brake v. Tavormina* (*In re Beverly Mfg. Corp.*), 778 F.2d 666, 667 (11th Cir. 1985). A dismissal typically occurs when the appellant has engaged in "consistently dilatory conduct." *Id.*

Here, the district court did not abuse its discretion in dismissing Myers's bankruptcy appeal because he failed to file a brief and consistently engaged in dilatory conduct. After he filed a notice of appeal and the bankruptcy court prepared the record, Myers failed to prosecute the appeal. The district court notified him of the deadline for filing his appellate brief. But he did not file a brief or request an extension of time by the deadline. After missing the deadline, he did nothing in the appeal for nearly two more months until the district court entered the show cause order.

Even after the district court entered the show cause order, Myers continued to miss deadlines, and his filings were not responsive to the district court's orders. For example, in his first motion requesting an extension of time to respond to the show-cause order, Myers promised that he would file a response by August 24. But he filed no response on that day. Instead, the next day, he filed a second motion for extension of time, now promising that he would file a response by September 6. Based on these representations, the district court extended the deadline for Myers's brief to September 6 and warned him that there would be no further extensions. Myers again missed the deadline. Several days after the deadline, he filed a motion for clarification raising an entirely new issue—the effect of the automatic stay in his wife's bankruptcy. Although Myers had known about this potential issue for several months, he belatedly raised it without offering any explanation why he had missed the district court's filing deadline after being warned that no further extensions would be given. Viewed as a whole, we readily conclude that Myers engaged in a pattern of

dilatory conduct, which resulted in no brief having been filed in the appeal, even though the appeal had been pending for more than six months and the district court afforded him multiple extensions.

We acknowledge that Myers is a *pro se* litigant, and we generally "give liberal construction to the pleadings of pro se litigants." *Albra*, 490 F.3d at 829. But Myers's *pro se* status does not alter our conclusion. *Pro se* litigants must comply with procedural rules. *See id.*; *see also Moon v. Newsome*, 863 F.2d 835, 839 (11th Cir. 1989) (holding that district court did not abuse its discretion in dismissing case after *pro se* litigant failed to comply with court orders). Myers failed to do so.

Myers nevertheless argues that the district court abused its discretion because it dismissed the appeal while his motion for clarification was pending. We see no abuse of discretion. The record shows that the district court entered its dismissal order before the clerk docketed Myers's motion for clarification, meaning that the court was unaware of the pending motion when it dismissed the case. Importantly, once the motion for clarification was added to the docket, the district court promptly considered it and explained that the motion was meritless because Kelly's bankruptcy had no effect on Myers's appeal.

Because we conclude that the district court did not abuse its discretion when it dismissed Myers's appeal and then denied his motion for clarification as moot, we do not reach the substantive arguments that Myers raises on appeal challenging several of the bankruptcy court's orders. Accordingly, we affirm the district

court's orders dismissing his appeal and denying his motion for clarification as moot.

**AFFIRMED.**