**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11034
Non-Argument Calendar
_____

In re: 2408 W KENNEDY LLC,

*Debtor.*

_____

2408 W KENNEDY LLC,

*Plaintiff-Appellant,*

*versus*

BANK OF CENTRAL FLORIDA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01885-TPB
_____

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

2408 West Kennedy, LLC, appealed to the district court the dismissal of its adversary bankruptcy proceeding against Bank of Central Florida.  The district court dismissed the appeal after Kennedy failed to file timely its initial brief.  Kennedy now appeals the district court's dismissal.  After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Kennedy sought to revive a foreclosed leasehold interest against the bank in an adversary bankruptcy proceeding.  The bankruptcy court granted the bank's motion for summary judgment because it lacked subject matter jurisdiction and, in the alternative, because res judicata and collateral estoppel barred Kennedy's claims.  The bankruptcy court denied Kennedy leave to amend its complaint or to supplement the record.

Kennedy appealed both orders to the district court.  It moved to compel mediation over the bank's objection and for more time to file its initial brief.  The district court extended Kennedy's filing deadline four times over the next five months.[1]

On the filing deadline, the Friday before a long holiday weekend, Kennedy once again moved for an extension, this time until the Tuesday after the long weekend.  The motion did not explain the reasons for the extension request.  On Tuesday morning, the district court granted one final extension until 5:00 p.m. that

---

[1] The deadline shifted from October 31 to December 2 to January 30 to February 14 to, finally, February 18.

day, warning that failure to comply could result in dismissal without prejudice without further notice.

Kennedy failed to file by its own requested deadline. Instead, Kennedy asked for two more extension motions after the deadline had expired. The first, at 11:48 p.m. Tuesday night, did not explain the delay but represented that counsel was "unable" to file timely despite his "best, good faith efforts," and asked for an extension until 8:00 a.m. the next morning. The second, at 7:57 a.m. Wednesday morning, explained counsel "need[ed] an additional three hours" until 11:00 a.m. due to an "unexpected issue related to his computer."

The district court dismissed the appeal on Wednesday morning, citing the "numerous extensions already granted" and Kennedy's failure to follow the district court's directives and deadlines. Kennedy filed its initial brief later that day. The district court struck it as the case was already closed. Kennedy moved for rehearing, vacatur of the dismissal order, and another extension to file the initial brief or to accept the stricken brief, which the court also denied. Kennedy's pattern of "general dilatory behavior," the court explained, and its repeated noncompliance with deadlines and "vague[]" explanations for delay, warranted dismissal.

Kennedy appeals the dismissal.

## STANDARD OF REVIEW

We review for abuse of discretion a district court's dismissal of a bankruptcy appeal for failure to prosecute. *In re Pyramid Mobile*

*Homes, Inc.*, 531 F.2d 743, 746 (5th Cir. 1976).  A district court abuses its discretion when it applies the wrong principle of law or relies on clearly erroneous findings of fact.  *In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013).

## DISCUSSION

On appeal, Kennedy argues that the district court erred in dismissing its appeal, striking its initial brief, and denying its motion for rehearing because it applied the wrong legal standard, failed to follow proper procedures, and relied on clearly erroneous factual findings.  We disagree.

In bankruptcy appeals to the district court, the appellant must file a brief within thirty days after the docketing of notice that the record has been transmitted, unless the district court specifies different time limits.  Fed. R. Bankr. P. 8018(a).  If the appellant fails to file timely a brief, the district court may sua sponte dismiss the appeal after notice.  Fed. R. Bankr. P. 8018(a)(4).  Dismissal is proper upon a showing of bad faith, negligence, or indifference and is typical in cases showing "consistently dilatory conduct[.]"  *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985).

That is what happened here.  The district court dismissed Kennedy's appeal after finding consistent dilatory conduct.  Kennedy's repeated delays in the face of clear notice of the consequences demonstrated negligence and indifference.  For the same reasons, neither the district court's decision to strike the late brief nor to deny rehearing was an abuse of discretion.  *See Young v. City*

*of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004); Fed. R. Bankr. P. 9024; Fed. R. Bankr. P. 8022.

Kennedy makes several arguments in response. First, it argues that the district court applied the wrong legal standard when it failed to find bad faith, negligence, or indifference as required by *In re Beverly* or consider other factors from *In re Pyramid*. But Kennedy's consistent dilatory conduct evinced negligence and indifference. And "[r]ather than anticipating delays and acting to avoid them, [Kennedy] exacerbated the problem and waited until the last day to seek further time," which is exactly the kind of "obstinately dilatory conduct" that warranted dismissal in *In re Pyramid*, 531 F.2d at 746.

Second, Kennedy contends that the district court failed to follow the procedures required in Federal Rule of Bankruptcy Procedure 8018(a)(4) when it prematurely warned Kennedy of dismissal. Kennedy argues, specifically, that the district court improperly issued its warning before Kennedy missed the filing deadline, whereas a proper warning would have warned him after. The same-day notice, it says, violated due process. Kennedy also argues that the district court did not give it a chance to prove good cause or excusable neglect before dismissal, in violation of Federal Rule of Civil Procedure 6(b).

To begin, we do not read rule 8018(a)(4) to dictate the timing of the notice. But even if the rule did require notice only after a missed deadline, the district court provided it here. It warned Kennedy and allowed one final extension after Kennedy had failed

to file its brief due the previous Friday. That notice did not violate Kennedy's due process rights. "A district court must be able to exercise its managerial power to maintain control over its docket." *Young*, 358 F.3d at 864. That is what the district court did when it gave one last, short extension after five months of extensions. Neither of the two cases Kennedy cites—*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713 (11th Cir. 2014)—are to the contrary. Finally, rule 6(b) does not mandate a chance to prove good cause or excusable neglect before dismissal. Instead, the rule provides the district court the discretion to extend deadlines— which the district court did multiple times. *See* Fed. R. Civ. P. 6(b).

Third, Kennedy asserts that the district court relied on a series of clearly erroneous factual findings to justify dismissal. These include that the district court granted multiple extensions for filing the initial brief, that the district court warned of dismissal, that Kennedy failed to follow the district court's orders and adhere to deadlines, and that Kennedy sought two late extensions without explanation. None of these findings was clearly erroneous.

The district court gave Kennedy multiple extensions to file its initial brief. That some of these extensions were also meant to facilitate mediation, as Kennedy points out, is immaterial. The district court explicitly warned that failure to comply could mean dismissal. Kennedy failed to follow court orders and adhere to deadlines by declining to file its brief the Friday it was due, disregarding the deadlines it requested in its two late motions, and again failing

25-11034                Opinion of the Court                7

to file the following Tuesday.  Kennedy's explanation that it was "unable" to file on time, without more, was not an explanation for the delay.

## CONCLUSION

Because the district court did not abuse its discretion in dismissing Kennedy's appeal, striking its untimely brief, and denying the motion for rehearing, we affirm.

**AFFIRMED**.